Argued January 6, affirmed January 12, 1915.

## NORTHERN PAC. RY. CO. *v.* CLATSOP COUNTY.

(145 Pac. 271.)

**Taxation—Assessment—Review—Statutes—Filing Record.**

1. Section 3613, L. O. L., providing that, on appeal from an equalized assessment by the board of equalization, the tax board shall file so much of the record of the board as may be necessary, etc., is in the alternative, intended to apply to the case of an appeal from an order of the board raising an assessment where there is no petition or application, and does not apply to an appeal from an order refusing to reduce an assessment and denying a petition therefor.

**Taxation—Equalization—Procedure.**

2. Rules of practice in civil actions or suits do not apply to proceedings before a board of equalization to correct tax assessments.

[As to taxpayers' actions, see note in Ann. Cas. 1913C, 884.]

Taxation—Assessment—Review—Statutes.

3.  So much of Section 3609, L. O. L., as pertains to petitions or applications for reduction of tax assessments is mandatory.

Taxation—Assessments—Reduction—Petition.

4.  A petition to a board of equalization to reduce petitioner's taxes must show that the property was not assessed at its true value, and, for this purpose, must state what the true value is, and also make it conclusively to appear that the method by which the assessor arrived at the result complained of was incorrect.

Taxation—Assessment—Review by Circuit Court—Record.

5.  Where an appeal is taken to the Circuit Court to review a tax assessment by the board of equalization, it is petitioner's duty to make such a record before the board as will inform the Circuit Court of the issues to be tried.

Taxation—Assessment—Equalization—Appeal—Record.

6.  Where a petition of a railroad company to a board of equalization to reduce petitioner's assessment on lands in the county, merely protested against the valuation placed on the lands described in any attached list, on the ground that the valuations were in excess of the true and fair value of the lands, but did not contain any verified statement as to the value as required by statute, before the board was authorized to consider or act thereon, the petition amounted to no more than an objection, and was therefore insufficient to sustain an appeal from the order of the board denying the petition to the Circuit Court.

From Clatsop: JAMES A. EAKIN, Judge.

Department 1.   Statement by MR. JUSTICE BEAN.

This is an appeal by the Northern Pacific Railway Company from a decree of the Circuit Court for Clatsop County dismissing an appeal from the county board of equalization to the Circuit Court in the matter of the valuation of certain lands in Clatsop County for the year 1913.

On September 12, 1913, plaintiff filed with the board of equalization a protest as follows:

"To the Honorable Board of Equalization of Clatsop County, Oregon:

"Comes now the Northern Pacific Railway Company, a corporation, and protests against the valuation that has been placed upon the lands described in the list hereto attached by the assessor of Clatsop County

for the purpose of taxation for the year 1913, on the ground that said valuations are in excess of the true and fair value of said lands; and said Northern Pacific Railway Company asks that said valuations be reduced from the valuations shown under the heading 'Assessor's Valuation' to the valuations assessed in 1912 on the lands shown in the attached list.

"[Signed]   NORTHERN PACIFIC RAILWAY COMPANY.

"J. C. FAIRCHILD,

"Its Tax Agent."

The protest was verified by plaintiff's tax agent. A list of lands amounting to 5,830.77 acres was attached to the protest, but the valuations assessed for the years 1912 and 1913 were not included therein. On the 13th day of September, the protest was considered by the board, and denied. On September 25th the plaintiff's tax agent requested the board to reconsider its order and the petition was denied. A notice of appeal was filed on February 26, 1914. The cause coming on for trial before the Circuit Court, counsel for defendant objected to any evidence being offered, and moved to dismiss the appeal on the following grounds:

(1) "That there is nothing in the record showing or tending to show that any property belonging to the Northern Pacific Railway Company was assessed by the assessor of Clatsop County, or that the same was valued at any sum, or that the Northern Pacific Railway Company was the owner of any property which was placed upon the assessment-roll of Clatsop County, or there valued or assessed; (2) that the record herein is insufficient to give the court jurisdiction, for the reason that there is nothing in the record on appeal showing, or tending to show, what action was taken by the board of equalization, and there is nothing showing, or tending to show, in the record what, if any, valuation the board of equalization placed upon any property belonging to the appellant; (3) that

the petition for the reduction of assessments upon the alleged property of the Northern Pacific Railway Company was insufficient to give the court jurisdiction, in that no fact whatever is therein alleged, or no issuable matter is set forth or alleged therein sufficient to give the court jurisdiction, or sufficient to raise an issue; (4) that this court has no jurisdiction to hear the appeal."

The motion was sustained by the trial court and the appeal dismissed. Plaintiff assigns that the Circuit Court erred in sustaining defendant's motion.

AFFIRMED.

For appellant there was a brief over the names of *Mr. L. B. da Ponte, Mr. George T. Reid* and *Mr. J. W. Quick,* with an oral argument by *Mr. L. B. da Ponte.*

For respondent there was a brief with oral arguments by *Mr. George C. Fulton* and *Mr. C. W. Mullins,* District Attorney.

MR. JUSTICE BEAN delivered the opinion of the court.

Section 3609, L. O. L., relating to petitions for reduction of assessments, provides in part:

"Petitions or applications for the reduction of a particular assessment shall be made in writing, verified by the oath of the applicant or his attorney, and be filed with the board during the first week it is by law required to be in session, and any petition or application not so made, verified, and filed, shall not be considered or acted upon by the board."

Section 3613, L. O. L., makes provision that any person petitioning for the reduction of a particular assessment, or whose assessment has been increased by the board of equalization, and thereby aggrieved by such

action, may appeal therefrom to the Circuit Court of the County. By subdivision 1:

"The party desiring the appeal from the action of such board of equalization may cause a notice, to be signed by himself or attorney, to be filed with the county clerk of the county within five days, excluding Sunday, from the time the assessment-roll is returned to the county clerk by the board of equalization."

Subdivision 2 directs:

"Within five days of the giving of such notice the appellant shall file with the clerk of the Circuit Court a transcript of the petition for reduction of assess-ment, or so much of the record of the board of equalization as may be necessary, to intelligently present the questions to be decided by the Circuit Court, together with a copy of the order or action taken by the board of equalization, the notice of appeal and record of the filing thereof; thereafter the Circuit Court shall have jurisdiction of the matter, but not otherwise. The appeal shall be heard and determined by the Circuit Court in a summary manner, and shall be determined as an equitable cause. Either the appellant or the county as appellee shall be entitled to the compulsory attendance of witnesses and to the production of books and papers. If, upon hearing, the court finds the amount at which the property was finally assessed by the board of equalization is its actual full cash value, and the assessment was made fairly and in good faith, it shall approve such assessment; but if it finds that the assessment was made at a greater or less sum than the market value of the property, or if the same was not fairly or in good faith made, it shall set aside such assessment and determine such value. * * "

With the notice of appeal to the Circuit Court the plaintiff filed a list of its lands, with what appears to be the assessed valuations for the years 1912 and 1913. It nowhere appears that such valuations were made a part of the record in the proceeding before the board

of equalization, and the certificate of the county clerk to the transcript on appeal to the Circuit Court extends only to the copy of petition, order, and notice of appeal of the plaintiff, and does not identify or authenticate the list or valuations.

1. The provision in Section 3613, L. O. L., relating to the filing of so much of the record of the board as may be necessary, etc., is in the alternative, and evidently was intended as a direction in case of an appeal from an order of the board raising an assessment where there is no petition or application, and does not apply to an appeal from an order refusing to reduce an assessment and deny a petition.

2. In proceedings before a board of equalization to correct the assessment of the property of taxpayers the rules of practice in civil actions or suits do not apply: *Poppleton* v. *Yamhill Co.,* 18 Or. 377 (23 Pac. 253, 7 L. R. A. 449). The statutes governing the manner of making assessments for the purpose of taxation have been amended many times, and, while the same are liberal in regard to the procedure, there is apparently much emphasis placed upon the oaths of the officers and taxpayers relating to the matter. While the county judge, county clerk and assessor are sworn officers and constitute the board of equalization, nevertheless Section 3607, L. O. L., provides that, before proceeding to the equalization of the tax-rolls, they shall each take and subscribe to an oath to faithfully and honestly examine, correct and equalize at full cash value, the assessment-roll and all property so returned by such assessor.

3, 4. That portion of Section 3609, L. O. L., above quoted, pertaining to petitions or applications for the reduction of an assessment, is mandatory in its provisions. It requires that, before the board is author-

ized to reduce an assessment, a petition or application therefor, verified by the oath of the applicant or his attorney, must be made and filed. While the statute is liberal as to form or procedure, it plainly contemplates that the petition should show a reason for the reduction of an assessment. If the property is not assessed at its true cash value, the petitioner should state what that value is. The powers granted to a board of equalization for all practical purposes constitute it a board of review. When engaged in such duties, the tax-roll comes to it with the valuation *prima facie* established. The assessor, under his oath in making valuations, acts judicially, and, when established, they must remain fixed until revised by the board of equalization. The complainant or petitioner who attacks the assessor's valuation has the laboring oar, and must overcome the *prima facie* case which the roll established. It is essential that a party assailing the validity of an assessment should make it conclusively appear that the method by which the assessor arrived at the result complained of was incorrect, and that the assessment does not represent the true cash value of the property assessed: *Oregon Coal Co.* v. *Coos Co.,* 30 Or. 308, 310 (47 Pac. 851). It, indeed, seems strange that in such a proceeding before the board of equalization, in asserting that the valuations which have been placed upon lands by the assessor for the purpose of taxation are in excess of the true value, it would not occur even to a layman to state in some manner either that such land was assessed at double or one-fourth in excess of its value, or to show how much in excess of its true value it is claimed to be.

5. Taxpayers may properly appear when they desire and discuss the matter of their assessment in an informal way before the board of equalization; but, when

an appeal to the Circuit Court is desired to be taken, it is incumbent upon the petitioner or applicant to make such a record before the board as will inform the Circuit Court upon an appeal of the issues to be tried.

6. The only statement contained in the protest which is verified is the following:

"Comes now the Northern Pacific Railway Company, a corporation, and protests against the valuation which has been placed upon its lands described in the list hereto attached by the assessor of Clatsop County for the purpose of taxation for the year 1913, on the ground that said valuations are in excess of the true and fair value of said lands."

The remaining portion of the protest or petition is the prayer or request. Nowhere is it stated and verified what the value of the lands is as required by the statute before the board or court would be authorized to consider the same or act thereon. The protest amounts to no more than an objection. It is practically entirely wanting in a statement of facts. Other exceptions to the protest or petition are taken by defendant's counsel, but we do not deem it necessary to consider anything except the lack of a statement of facts which would authorize the board or court to act.

The trial court correctly held that in the certified record the Northern Pacific Railway Company's lands are alleged to be of a certain description, with the number of acres, and that is all the record shows in regard to that matter. The railroad company protests against the valuation that has been placed upon the lands as described in the list thereto attached by the assessor of Clatsop County for the purposes of taxation for the year 1913, on the ground that the

74 Or.—17

valuations are in excess of the true and fair valuation of said lands, and the Northern Pacific Railway Company asks that the valuations be reduced from those shown under the heading "Assessor's Valuation" to that assessed in 1912. There is no allegation as to what they were valued in the assessment for 1913, nor what their true and fair valuation is, nor what their assessed valuation for 1912 was.

The decree of the lower court dismissing the appeal should therefore be affirmed, and it is so ordered.

AFFIRMED.