Argued November 21, 1917, affirmed January 15, rehearing denied February 26, 1918.

## DOUGLAS LAND CO. *v.* CLATSOP COUNTY.

(169 Pac. 790.)

**Taxation—Correction of Assessment—Review by Courts — Evidence.**

1. On an appeal to the Circuit Court from the refusal of the board of equalization to reduce an assessment of several hundred lots, evidence *held* insufficient to show error on the part of the assessor in valuing the lots.

**Taxation—Correction of Assessment—Review by Courts—Burden of Proof.**

2. Under Section 3613, L. O. L., as amended by Laws of 1913, page 329, providing that a taxpayer aggrieved by the assessment of his property and denied relief by the board of equalization may appeal to the Circuit Court, the burden is on the property owner on an appeal to the Circuit Court to show error on the part of the assessor.

**Taxation—Correction of Assessment—Evidence—Offer to Sell Property.**

3. While *offers to sell property at stated prices are properly received as admissions against the party making the offers, they are not admissible on his behalf* on an appeal to the Circuit Court from the refusal of the board of equalization to reduce an assessment.

**Taxation—Correction of Assessment—Review by Court—Extent of Review.**

4. On appeal to the Circuit Court from the refusal of the board of equalization to reduce an assessment under Section 3613, L. O. L., as amended by Laws of 1913, page 329, an issue as to the illegality of the assessment because made by deputy assessors cannot be determined, especially where there are no allegations on which to try out the legality of the assessments, and where the only assignment of error on appeal is that the Circuit Court erred in dismissing the petition and in holding that the property described was assessed at its true cash value.

From Clatsop: James A. Eakin, Judge.

Department 2.  Statement by Mr. Justice Mc-Camant.

In September, 1915, Douglas Land Company filed a petition with the board of equalization for Clatsop County praying for a reduction in the assessment of its properties for the year 1915.  The properties consist of several hundred lots in sixteen platted subdivisions of the county and four hundred and eighty acres of land in township 4 north of range 9 west of the Willamette Meridian.  The assessor had appraised the lots in five of these additions at $1 a lot; in four of them at $2; in two of them at $3; in one addition at $4; in another at from $15 to $50 a lot; in still another at $60; in another the assessment varied from $40 to $100; and in the sixteenth addition a fractional interest in two lots owned by petitioner was assessed at the rate of $250 a lot.  The acreage was assessed at $4 an acre.

The board of equalization denied the relief prayed for and an appeal was taken to the Circuit Court for Clatsop County.  The court also denied the petition and an appeal is prosecuted to this court.

Affirmed.

For appellant there was a brief and an oral argument by *Mr. J. F. Hamilton.*

For respondent there was a brief over the names of *Mr. Edward C. Judd* and *Mr. C. W. Mullins,* District Attorney, with an oral argument by *Mr. Judd.*

Mr. Justice McCamant delivered the opinion of the court.

This is a proceeding brought under the authority of Section 3613, L. O. L., as amended in 1913; see the

Session Laws for that year, pages 329, 330. The salient portion of the statute has been recently quoted by Mr. Justice BEAN in his opinion *In re Weyerhaeuser Land Co.,* 85 Or. 434 (165 Pac. 1164, 1167), and it is not necessary to set it up here. It provides that a taxpayer aggrieved by the assessment of his property and who is denied relief by the board of equalization,. may appeal to the Circuit Court. The question to be determined is whether the assessment conforms to the actual cash value of the property. The statute has been twice construed by this court and it is held that the error of the assessor must be made clearly to appear: *Northern Pacific R. Company* v. *Clatsop County,* 74 Or. 250, 256 (145 Pac. 271); *In re Weyerhaeuser Land Co.,* 85 Or. 434 (165 Pac. 1164, 1167). This precept is fatal to the rights asserted by this appeal.

1. Petitioner relies chiefly on the testimony of three real estate brokers and its president, Mr. J. F. Hamilton. One of the real estate men, Ben Ward, was not questioned as to his familiarity with the properties in question. Another of them, A. R. Cyrus, was undertaken to be qualified by the following testimony:

"Q. There are certain properties that the Douglas Land Company claim are over-assessed and the subject of this litigation and what do you know about these properties now, all this property lying back of town, assessed at two, three and four dollars a lot by the Assessor: Columbia Addition, Columbia Second Addition, Dement's Addition, East Astoria and Extension to Railway Addition, Laurel Park Addition, Melrose Addition, North Addition, Powell's Addition and Railway Addition to Astoria, what do you know about all these properties?

"A. Well, I know them in a general way. I have never made a particular examination of these particular additions, only knowing them from their general location, that is all."

The third of these witnesses, W. R. Dement, testified on this subject as follows:

"Q. You know these additions that were laid out in ninety, in the time of the inflation, such as Columbia Addition, Columbia Second Addition, Dement's Addition, East Astoria, and Extension to Railway Addition, Laurel Park Addition and North Addition, and a good many other additions, Pacific Addition, Railway Addition, you know something about where they lie and something about them?

"A. Well, I have a general idea."

The examination of all petitioner's witnesses was of the most general character. It had reference for the most part to the general values of property in the parts of the county where the respective subdivisions are located. Some of petitioner's evidence bore on the condition and value of the several additions in which the property in question is situate, but except in one or two cases petitioner did not produce witnesses who were familiar with the lots and blocks specifically described in its petition and who could advise the court as to their value. Without a showing of familiarity with the property involved but little value can be attached to the testimony of any witness and the testimony of Ward, Cyrus and Dement cannot be given much weight.

2. Mr. Hamilton did state generally that he knew the properties involved and that they were not worth more than the values admitted in the petition. This is the opinion of an interested witness and unless it is strongly corroborated it is insufficient to overcome the presumption of accuracy attaching to the assessment. Petitioner made a better showing in attacking the assessment of lots in Addition of Silver Point Cliff than in the remainder of its case. The testimony shows that some of the lots in this addition have only

a nominal value. They are assessed at from $15 to $50 a lot. The testimony shows that the lots in this subdivision differ greatly in value and there is no way by which we can distinguish those of substantial value from those of nominal value. The burden is on petitioner and it must fail because its testimony lacks the definiteness required to show the error of the assessor.

3. Petitioner offered in evidence certain contracts made by it with real estate brokers for the sale of the properties involved at stated prices. The defendant reserved an objection to this evidence and the objection is well taken. *Wichita Falls Co.* v. *Holloman,* 28 Okl. 419 (114 Pac. 700, 25 Ann. Cas. 1912D, 287), cited by petitioner, holds that offers to sell at stated prices are properly received as admissions against the party making the offers. On familiar principles these offers are not admissible on behalf of the party making them. The defendant proved that within two or three years a number of sales had been made of lots in the additions in question at prices equal to or in excess of the assessed valuations of petitioner's property.

It would unduly prolong this opinion to set out the evidence bearing on the value of each of the tracts in which petitioner's property is located. We have carefully read and considered the testimony and think that in no case does the petitioner clearly show that the assessment is in error to petitioner's disadvantage.

4. It appears that some of the assessments in question were made by deputy assessors. We are cited to 37 Cyc. 980 in support of the contention that the assessor must individually assess all property on the roll and that an assessment made by a deputy assessor is invalid. This rule would make it impossible to assess property in some of the more important counties of

the state, as it is beyond the power of any man to investigate each year every piece of property in these counties and appraise it for assessment purposes. However, this proceeding is not appropriate to the determination of such a question.   Petitioner's only assignment of error is "that the Circuit Court erred in rendering said decree and in holding that the property described in the petition was assessed at its true cash value."   There are no allegations on which to try out the legality of these assessments made by deputies, nor can such an issue be determined in this kind of a proceeding.

We find no error and the decree is affirmed.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.