Argued September 30, appeal dismissed October 12, 1920, rehearing denied January 4, 1921.

# SMITH SECURITIES CO. *v.* MULTNOMAH COUNTY.

(192 Pac. 654; 194 Pac. 428.)

**Appeal and Error—Appeal Purely Statutory.**

1. An appeal is statutory, and does not exist as a matter of right.

**Taxation—No Appeal from Decree Setting Aside Assessment, Proceeding Being Summary.**

2. No appeal lies from a decree of the Circuit Court setting aside an assessment in a proceeding brought under Section 3613, L. O. L., such statute providing a special proceeding, summary and complete within itself.

ON PETITION FOR REHEARING.

**Taxation—Neither the County Assessor nor the County Board of Equalization Act as a Court.**

3. A county assessor is not a court, and in lowering or raising valuations on property a county board of equalization is not acting or sitting as a court.

**Taxation—No Appeal from Decree of Circuit Court Setting Aside Assessment on Appeal from County Board of Equalization.**

4. Where, on appeal to the Circuit Court, pursuant to Section 4299, Or. L., from the county board of equalization, which denied petition to have an assessment reviewed and corrected, the Circuit Court set aside the original assessment and reduced the valuation, no appeal on behalf of the county lies from such decree of the Circuit Court to the Supreme Court under Sections 548 and 549.

From Multnomah: George W. Stapleton, Judge.

Department 2.

In 1911 and 1912 the R. R. Thompson Estate Company, one of the plaintiffs herein, constructed the Multnomah Hotel on block 44 in the City of Portland, at a cost of something more than a million dollars. On March 1, 1916, on a basis of 75 per cent of its cash value, the land was assessed at $360,000 and the building at $335,000, making a total of $695,000.

On August 25, 1916, the property was sold to the plaintiff Smith Securities Company for $575,000, under an agreement that the taxes should be prorated between the grantor and the grantee for the current year.

The plaintiffs, feeling aggrieved at the assessment, petitioned the board of equalization of Multnomah County to have it reviewed and corrected, and asked that the land for that year be assessed at $207,000 and the building at $150,000 or a total of $357,000. A hearing was had before the board of equalization, and the petition was denied. The plaintiffs appealed from the decision of the board to the Circuit Court of Multnomah County, where a trial was had

and testimony was taken.  The court found that the assessment was made at a greater sum than the true cash value of the property on the first Monday in March, 1916; that on that date its actual cash value was $575,000; and that the assessment should be reduced.  A decree was rendered setting aside the original assessment and ordering that the property be assessed at $575,000.  The defendant appeals, assigning error in the findings and rulings of the Circuit Court.                                    APPEAL DISMISSED.

For appellant there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, and *Mr. Samuel H. Pierce,* Deputy District Attorney, with an oral argument by *Mr. Pierce.*

For respondents there was a brief over the names of *Mr. A. P. Dobson* and *Mr. Robert Krims,* with an oral argument by *Mr. Dobson.*

JOHNS, J.—The appeal from the decision of the board of equalization to the Circuit Court and the proceedings in that court were founded upon Section 3613, L. O. L., which provides as follows:

"Any person who shall have petitioned for the reduction of a particular assessment, or whose assessment has been increased by the board of equalization, who shall be aggrieved by the action of such board, may appeal therefrom to the Circuit Court of the county.  The appeal shall be taken and perfected in the following manner, and not otherwise:

"1. The party desiring the appeal from the action of such board of equalization may cause a notice, to be signed by himself or attorney, to be filed with the county clerk of the county within five days, excluding Sunday, from the time the assessment-roll is returned to the county clerk by the board of equalization.

"2. Within five days of the giving of such notice the appellant shall file with the clerk of the Circuit Court a transcript of the petition for reduction of assessment, or so much of the record of the board of equalization as may be necessary, intelligently to present the questions to be decided by the Circuit Court, together with a copy of the order or action taken by the board of equalization, the notice of appeal and record of the filing thereof; thereafter the Circuit Court shall have jurisdiction of the matter, but not otherwise,

"The appeal shall be heard and determined by the Circuit Court in a summary manner, and shall be determined as an equitable cause. Either the appellant or the county as appellee shall be entitled to the compulsory attendance of witnesses and to the production of books and papers. If, upon hearing, the court finds the amount at which the property was finally assessed by the board of equalization is its actual full cash value, and the assessment was made fairly and in good faith, it shall approve such assessment; but if it finds that the assessment was made at a greater or less sum than the market value of the property, or if the same was not fairly or in good faith made, it shall set aside such assessment and determine such value, and a certified copy of the order or judgment of the Circuit Court shall be sufficient warrant for the levying and collecting of taxes against such property, and upon such valuation so determined. No proceedings for the levying or collection of taxes against any property shall be stayed by the reason of the taking or pendency of the appeal from the board of equalization; but in event the assessment is decreased by the court on appeal the tax collector shall refund to the person paying taxes on such property any excessive amount of taxes collected, and in event the assessment is increased by the court on appeal the property shall be liable for the deficiency on the amount of such increased valuation. The provisions of law governing costs and disbursements on appeal shall be applicable hereto."

It is required that the appeal be taken and notice filed with the county clerk within five days, excluding Sunday, after the assessment-roll is filed with the county clerk by the board of equalization, and that within five days after giving the notice the appellant shall file with the clerk of the Circuit Court a transcript of the record.

1, 2. This statute provides a special proceeding and is summary and complete within itself. Although it does provide for an appeal to the Circuit Court by an aggrieved property owner, it does not give either party the right to appeal to the Supreme Court. This court has many times held that an appeal is statutory, and does not exist as a matter of right. It is true that the case here was tried upon its merits, and that no motion was filed to dismiss. But the question of jurisdiction is involved. On principle, *Portland* v. *Nottingham*, 58 Or. 1 (113 Pac. 28), is conclusive that in this kind of a case the county does not have the right of appeal. For want of jurisdiction, and appeal is dismissed.                    Appeal Dismissed.

McBride, C. J., and Bean and Burnett, JJ., concur.

---

Denied January 4, 1921.

## Petition for Rehearing.

(194 Pac. 428.)

On petition for rehearing.    Petition Denied.

*Mr. Walter H. Evans,* District Attorney, and *Mr. Samuel H. Pierce,* Deputy District Attorney, for the petition.

*Mr. Robert Krims* and *Mr. A. P. Dodson, contra.*

JOHNS, J.—In the former opinion and on its own motion the court dismissed this case for want of jurisdiction. In its petition for a rehearing, appellant county contends:

"That the jurisdiction of this court in the present case may be sustained on three grounds: (1) That the Supreme Court is vested, by the provisions of the Constitution, with authority to revise all final decisions of the Circuit Courts; (2) that the appellate powers generally conferred upon the Supreme Court by Section 548, L. O. L., are unaffected by any provision of the statute relating to appeals from the board of equalization; and (3) that this court, having entertained appeals of this character for a long period of time, is now justified in refusing to alter its practice."

On the first point, it cites *In re North Pacific Presbyterian Board of Missions* v. *Ah Won et al.,* 18 Or. 339 (22 Pac. 1105), and *Mitchell* v. *Powers,* 16 Or. 487, 492 (19 Pac. 647). Apparently, such decisions sustain appellant's contention. In June, 1902, Section 1 of Article IV of the Constitution was amended by an initiative vote of the people. *Kadderly* v. *Portland,* 44 Or. 118 (74 Pac. 710, 75 Pac. 222), was decided after that amendment. In that case, on page 156 of 44 Or., on page 723 of 74 Pac., this court held:

"There is no common-law right of appeal. The right is wholly statutory unless expressly secured by the Constitution. The Constitution of Oregon, Article VII, Section 9, does not guarantee a right of appeal from every finding by an inferior court or tribunal. While this section confers upon the Circuit Courts appellate jurisdiction, it leaves the regulation of the mode of proceedings on an appeal and the limitation of the cases wherein an appeal may be taken to be provided by statute. Whenever the legislature determines this question, and fixes the rule in any particular case, the question is thereby settled whether or

not the right to prosecute an appeal exists. The supervisory control conferred upon the Circuit Courts is exercised in this case, as it is in the case of all other inferior tribunals and courts, by writs of review, *mandamus,* injunction, etc., and in fact it is this right of supervisory control which plaintiffs are now invoking in this case."

Upon the second point, appellant cites Section 9 of Article VII, of the Constitution, which provides:

"All judicial power, authority, and jurisdiction not vested by this Constitution, or by laws consistent therewith, exclusively in some other court, shall belong to the Circuit Courts; and they shall have appellate jurisdiction and supervisory control over the County Courts, and all other inferior courts, officers, and tribunals."

As pointed out in the Kadderly case, such supervisory control is exercised "by writs of review, *mandamus,* injunction, etc. " It also cites Section 548, Or. L., which defines a judgment or decree, and Section 549, Or. L., which provides that any party to a judgment or decree may appeal therefrom.

3. It must be conceded that a county assessor is not a court, and that in the lowering or raising of valuations upon property a county board of equalization is not acting or sitting as a court. The assessor simply places a valuation upon a person's property for the purpose of taxation, and upon a proper petition the board either modifies or approves his action. Section 4299, Or. L., provides for an appeal from the action of the county board to the Circuit Court, and specifies the manner in which it shall be taken. In its decision on the appeal, the Circuit Court simply ascertains the value of property for assessment purposes. It may well be doubted whether the placing of

such value is a judgment or decree, within the meaning of either Section 548 or 549.

4. Far greater power is conferred upon the board of control, now the state water board. It is authorized to make findings as to the date and amount of the appropriation of water, its beneficial use, and where it shall be used, which, in the absence of objections, become final. Section 5745, Or. L., of the act creating that board, provides:

"Appeals may be taken to the Supreme Court from such decrees in the same manner and with the same effect as in other cases in equity, except that notice of appeal must be served and filed within 60 days from the entry of the decree."

A like provision is made in the Public Utilities Act, Section 6086, Or. L., which provides:

"Either party to said suit, within 60 days after the entry of the judgment or decree of the Circuit Court, may appeal to the Supreme Court."

As stated in the former opinion, Section 4299, Or. L., provides for an appeal by the property owner to the Circuit Court from the valuation of his property as fixed by the board of equalization; but that is a summary, special proceeding, and the act does not provide for an appeal by either party from the decision of the Circuit Court to this court. It provides, among other things, that, at the trial, "either the appellant or the county as appellee shall be entitled to the compulsory attendance of witnesses and the production of books and papers." The word "appellant" applies, and is confined, to the property owner, and the word "appellee" is limited to the county and clearly implies that it does not have the right of appeal to this court.

It is true, as appellant's counsel point out, that there have been three decisions of this court in this class of

cases, and that each of them was decided on the merits: *Northern Pacific Ry. Co.* v. *Clatsop County,* 74 Or. 250 (145 Pac. 271); *In re Weyerhaeuser Land Co.,* 85 Or. 434 (165 Pac. 1164); *Douglas Land Co.* v. *Clatsop County,* 87 Or. 462 (169 Pac. 790). In the Weyerhaeuser case the county was the appellant, and in the other two it was the property owner. The question of the right of appeal from the Circuit Court was not mentioned, discussed, or decided in any one of those cases, and is not *stare decisis.* After a careful consideration of appellant's clear and concise petition, a rehearing is denied,

APPEAL DISMISSED. REHEARING DENIED.

BROWN, J. (Specially Concurring).—I concur in the result reached by Justice JOHNS, holding that this court is without jurisdiction to review the proceedings of the Circuit Court had under Section 4299, Or. L. It is a general rule in most jurisdictions that where a tribunal exercises a special, limited jurisdiction conferred by statute, and in which the procedure is not according to the course of the common law, no appeal lies from its action therein unless such appeal is expressly provided by statute: 2 Cyc. 540. By the provisions of Section 4299, Or. L., any person who shall have petitioned for the reduction of a particular assessment, or whose assessment has been increased by the board of equalization, and who shall be aggrieved by the action of such board, may appeal therefrom to the Circuit Court of the county. The appeal shall be heard by the Circuit Court in a summary manner. The Circuit Court is authorized, if it finds that the assessment was made at a greater or less sum than the actual full cash value of the property, or if the same was not fairly or in good faith made, to set aside such

assessment and determine the value. It is likewise provided that the order of judgment of the Circuit Court shall be sufficient warrant for the levying and collection of taxes against such property upon the valuation determined.

In construing laws governing the right of appeal this principle should be kept in mind that—

"In a controversy concerning the valuation of the property only, the action of the court is generally considered ministerial rather than judicial and consequently is not reviewable on appeal; but if the controversy is with reference to the right of the state to tax the property, or concerning the constitutionality of the act providing the method of ascertaining the value of the property, then the question is a judicial one and the decision is appealable": 2 R. C. L., § 7.

It is said in *Copp* v. *State,* 69 W. Va. 440 (71 S. E. 580, 35 L. R. A. (N. S.) 669), that—

"In controversies concerning the valuation of property only, there is no appeal from the Circuit Court to this court, because the action of the court is ministerial rather than judicial"—citing *Mackin* v. *Taylor County Court,* 38 W. Va. 338 (18 S. E. 632); *McLean* v. *State,* 61 W. Va. 537, (56 S. E. 884); *Bluefield Water Works Co.* v. *State,* 63 W. Va. 480 (60 S. E. 403).

It is held in *Kimber* v. *Schuylkill County,* 20 Pa. St. 366:

"When special appeal to a subordinate is given, there can be no appeal thence to the supreme court unless expressly given, but *certiorari* will lie to review regularity."

The opinion of the court was rendered by Black, C. J., who further stated that—

"The judges, when hearing these appeals, are acting as assessors of taxes. We venture to hope that it will be many years before we will be called on to review

the assessments of every man in the commonwealth who is dissatisfied with the taxes charged against him. It would require an amount of local information which the County Courts do certainly possess, but which we cannot expect to attain."

It is said, in 2 Cooley on Taxation, page 1393:

"In some states an appeal is given from the assessors, or from assessing boards, to some specified courts, to which are given limited powers of review. But the right to such an appeal is purely statutory * * ."

The Supreme Court of Colorado, in *Board of Commissioners of Teller County* v. *Pinnacle Gold Min, Co.,* 36 Colo. 492 (85 Pac. 1005), states, in the matter of appealing a case like the instant one from a decision of the lower court:

"The court has not jurisdiction to entertain this appeal. The statute concerning appeals to the District Court from the assessor and from the board of county commissioners is similar to the previous law upon this subject, passed in 1889. There is no provision for an appeal from the District Court."

It is held that—

"The statute under consideration is the source and measure of the power and jurisdiction both of the board of commissioners and the District Court to afford relief to a complaining taxpayer. The remedy thereby given is purely statutory, and exists only because the statute gives it. Thereunder the District Court has not original jurisdiction of the subject matter of the controversy contemplated, which is the alleged unjust assessment, and could not in the first instance, but only by appeal, entertain the petition of one bringing his case within it. * * The doctrine is tersely stated by Judge Cooley, who said that 'the rule is well established that where an appeal is allowed to any court from an assessing body, whatever the

grade of the court, it is one of limited jurisdiction for such purpose, and must keep strictly within it.' "

Many times this court has held that the right to appeal is statutory.  It was said by this court, speaking through Mr. Justice EAKIN in *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145), that—

"The right to appeal a case is one conferred by statute, and is limited to cases falling within the terms of the act."

In the case of *Portland* v. *Gaston,* 38 Or. 533 (63 Pac. 1051), Chief Justice BEAN, delivering the opinion of the court, stated:

"The legislature has the power to define in what cases, and under what circumstances, and in what manner, an appeal may be taken to this court. * * But, when the legislature has prescribed rules of procedure in special proceedings, such rules must be followed, and, if they limit the right of appeal or specify the court or tribunal in which such proceedings shall terminate, they must govern."

In the case of *Town of La Fayette* v. *Clark,* 9 Or. 225, WALDO, J., in speaking for the court, said:

"Appeals for the removal of causes from an inferior to a superior court for the purpose of obtaining trials *de novo,* are unknown to the common law, and can only be prosecuted where they are expressly given by statute."

In the case of *State* v. *Security Savings Co.,* 28 Or. 410, 417 (43 Pac. 162, 163), this court said that "the right of appeal is purely statutory."  In *School Dist.* v. *Irwin,* 34 Or. 431, 435 (56 Pac. 413), it is stated:

"The principle is well settled that, where a particular jurisdiction is conferred upon an inferior court or tribunal, its decision will be final, unless provision is made by statute for an appeal: *McGowan* v. *Duff,* 41 Ill. App. 57; *Hileman* v. *Beale,* 115 Ill. 355 (5 N. E.

108); *In re Storey,* 120 Ill. 244 (11 N. E. 209). And it has been said by this court that 'appeals for the removal of causes from an inferior to a superior court, for the purpose of obtaining trials *de novo,* are unknown to the common law, and can only be prosecuted when they are expressly given by statute.' "

In *Kearney* v. *Snodgrass,* 12 Or. 311, 314 (7 Pac. 309, 311), this court says:

"Until the right of appeal is created by statute it does not exist as a strict legal right."

Justice STRAHAN, in *Fisk* v. *Henarie,* 15 Or. 89, 90 (13 Pac. 760), wrote: .

"The right to an appeal depends entirely upon the statute. If the statute does not confer it, it does not exist."

In *City of Portland* v. *Nottingham,* 58 Or. 1 (113 Pac. 28), Justice BURNETT said:

"An appeal is not a matter of primary right. It is a privilege, and he who would enjoy that privilege must show some statute conferring it upon him."

In the *Ah Won Case,* 18 Or. 339 (22 Pac. 1105), the decision was really put upon the ground that the decree appealed from was an exercise of general equity jurisdiction relating to the custody of the persons and as such was appealable independent of the statute under which the boys' and girls' aid society was acting. The same idea is advanced by Chief Justice MOORE in *Ex parte Bowers,* 78 Or. 390, 395 (153 Pac. 412). The opinion in the *Goldsmith Estate,* 12 Or. 414 (7 Pac. 97, 9 Pac. 565), was written by Justice THAYER, who also wrote the opinion in the Ah Won case. In the Goldsmith case, the judge points out that the insolvent act there under consideration "does not, either by express language or necessary implication, give the right of appeal to the court in any case."

Believing that this court is not authorized to act as a board of assessors in the matter of the valuation of property for the purpose of taxation, I concur in the conclusion reached by Mr. Justice JOHNS.