Argued and submitted October 5, affirmed November 16, 1982

## STATE OF OREGON,
*Respondent on review,*

*v.*

## JOHN B. THREET, LEE FORTIER, ANNA LISA ONSRUD, DONALD PETER SLOAN, SUZANNE SLOAN, STEVE RUTTENBURG,
*Petitioners on review.*

(CA A24418, A24605, A24606, A24607, A24625, A24604, SC 28747)

653 P2d 960

Robert J. McCrea, of Morrow, McCrea & Divita, P.C., Eugene, argued the cause for petitioners on review. With him on the petition for review was Ralph A. Bradley, of Bradley & Gordon, Eugene.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response to the petition for review were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

PETERSON, J.

## PETERSON, J.

Appellants are witnesses who were subpoenaed to appear and testify before the Lane County grand jury. Each appeared and refused to testify, invoking constitutional provisions against self-incrimination, Article I, section 12, of the Oregon Constitution and the Fifth Amendment of the United States Constitution. Pursuant to ORS 136.617-.619,[1] the state moved the circuit court to order the witnesses to testify. The circuit court ordered that each of the witnesses "is hereby compelled to testify * * * regarding the following: [areas of testimony were specified]." Each witness appealed from the orders. By letter to the parties, the Court of Appeals dismissed the appeals, saying that "the Court of Appeals has today dismissed on its own motion your notice of appeal * * * as being an appeal from a nonappealable order."

---

[1] ORS 136.617 provides:

"In any criminal proceeding before a court of record or in any proceeding before a grand jury, or in any proceeding before a court of record under ORS 646.760, if a witness refuses to testify or produce evidence of any kind on the ground that the witness may be incriminated thereby, the prosecuting attorney may move the court to order the witness to testify or produce evidence. The court shall forthwith hold a summary hearing at which the prosecuting attorney shall show reasonable cause to believe the witness possesses knowledge relevant to the proceeding, or that no privilege protects the evidence sought to be produced. The witness may show cause why the witness should not be compelled to testify or produce evidence. The court shall order the witness to testify regarding the subject matter under inquiry upon such showing of reasonable cause or shall order the production of evidence upon a finding that no privilege protects the evidence sought, unless the court finds that to do so would be clearly contrary to the public interest. The court shall hold the summary hearing outside the presence of the jury and the public and may require the prosecuting attorney to disclose the purpose of the testimony or evidence. The witness shall be entitled to be represented by counsel at the summary hearing."

ORS 136.619 provides:

"After complying with the order to testify or produce evidence and if but for ORS 136.617 the witness would have been privileged to withhold the answer given or the evidence produced, such testimony or evidence, or any information directly or indirectly derived from such testimony or evidence, may not be used against the person in any proceeding or prosecution for a crime or offense concerning which the witness gave answer or produced evidence under court order. However, the witness may nevertheless be prosecuted or subjected to penalty for any perjury, false swearing or contempt committed in answering, or failing to answer, or in producing, or failing to produce, evidence in accordance with the order. If a person refuses to testify after being ordered to testify as provided in this section, the person shall be subject to penalty for contempt of court for failure to comply with the order."

■ Appellants seek review, claiming that the orders are appealable under ORS 19.010(4). After review was allowed, the state filed a response agreeing with appellants' assertion that the orders are appealable under that statute. This court must nevertheless determine if the Court of Appeals had jurisdiction granted to it by statute to decide the appeal, for jurisdiction cannot be conferred by stipulation. *See J. Gregcin, Inc. v. City of Dayton,* 287 Or 709, 713, 601 P2d 1254 (1979); *Lulay v. Earle v. Wolfer,* 278 Or 511, 513, 564 P2d 1045 (1977); *Johnson v. Assured Employment,* 277 Or 11, 14, 558 P2d 1228 (1977).

The issue in this case is whether an order issued pursuant to ORS 136.617 which compels a witness to testify before a grand jury is appealable under ORS 19.010(4). ORS 19.010(4) provides:

"(4) An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

This statute was enacted in 1927, Or Laws 1927, ch 248, and has remained substantially the same since then.[2]

It is necessary to determine whether the procedure established by ORS 136.617-.619 is a "special statutory proceeding." We therefore examine how the terms "special proceeding" and "special statutory proceeding" have been used historically in Oregon statutes and case law.

■ "Special proceedings" have existed in Oregon law since 1862. *See* General Laws of Oregon, 1845-1864, ch 7 (M. Deady ed 1866). In 1862, the legislature provided for procedures to be followed in special proceedings. Remedy by special proceedings was provided for in a separate chapter of the code of 1862, the detailed requirements of which

---

[2] There is no available legislative history of ORS 19.010(4). It is possible that ORS 19.010(4) was enacted to overrule the decision of this court in *Smith Securities Co. v. Multnomah County,* 98 Or 418, 192 P 654 (1920), *rehearing denied,* 98 Or 422, 194 P 428 (1921). In *Smith Securities* we held that a property owner aggrieved by an assessment decision of the Board of Equalization could appeal to the circuit court, but not to this court, because such an appeal was not granted by statute.

differed from the pleading and practice prescribed for ordinary actions. *See Buell v. Jefferson County Court,* 175 Or 402, 408-09, 152 P2d 578 (1944). The specific special proceedings dealt with there were the writs of review, mandamus, and habeas corpus, and the punishment of contempt. Each of these proceedings is a separate judicial proceeding with clearly defined parties. We believe that separateness is a necessary attribute of a "special statutory proceeding." This is true of the writs of review, mandamus, habeas corpus, and contempt proceedings. It is also true of other proceedings that we have held to be "special statutory proceedings." As we said in *Smith Securities Co. v. Multnomah County,* 98 Or 418, 422, 192 P 654 (1920), *rehearing denied,* 98 Or 422, 194 P 428 (1921), in reference to a special statutory proceeding, "This statute provides a special proceeding and is summary and complete within itself."

An examination of our cases decided under ORS 19.010(4) reveals that where we have held judicial proceedings to be "special statutory proceedings," the proceedings were always separate. Allowing appeals in our previous cases under ORS 19.010(4) and its predecessors did not disrupt other judicial proceedings.

In *Nickerson v. Mecklem,* 169 Or 270, 273, 126 P2d 1095 (1942), we held that a decree in a proceeding brought under the Corrupt Practices Act to compel the proponents of an initiative to disclose a statement of contributions and expenditures to the Secretary of State was appealable because the proceeding was a "special statutory proceeding." In *Perry v. Oregon Liquor Commission,* 180 Or 495, 497-98, 177 P2d 406 (1947), we allowed an appeal of a circuit court decree setting aside and cancelling an order of the Oregon Liquor Control Commission suspending a license. In *Tax Com v. Consumers' Heating Co.,* 207 Or 93, 109, 294 P2d 887 (1956), we recognized that an appeal could be taken under ORS 19.010(4) from a decree of the circuit court which set aside an ad valorem assessment entered by the State Tax Commission. *See also Case v. Chambers,* 210 Or 680, 704 n 6, 314 P2d 256 (1957). In all of these cases the proceedings were separate from other judicial proceedings and thus qualified as "special statutory proceedings."

A case where we held that an appeal would not lie under ORS 19.010(4) is instructive. In *State v. Endsley,* 214 Or 537, 541-42 & n 1, 331 P2d 338 (1958), we held that an appeal could not be taken from an order of the circuit court denying a motion in the nature of coram nobis. The *Endsley* court said, "[A] motion in the nature of coram nobis, is not * * * a new case, civil in nature, but simply a part of the original criminal proceedings." *Id.* at 541-42. The coram nobis proceeding in *Endsley* was not sufficiently separate from the criminal action from which it arose to be appealed as a "special statutory proceeding."[3]

Our recent cases discussing ORS 19.010(4) are consistent with the requirement that special statutory proceedings be separate from other judicial proceedings. *Andrysek v. Andrysek,* 280 Or 61, 64, 569 P2d 615 (1977), held that a petition to register a foreign judgment and a resulting order which in effect sustained the registration of the judgment, was a special statutory proceeding. The proceeding in *Andrysek* was wholly distinct from any other proceeding. In *Southern Oregon Broadcasting Co. v. Dept. of Revenue,* 287 Or 35, 38-40, 597 P2d 795 (1979), we held that an order of the Tax Court, entered after a proceeding under ORS 305.190(2) requiring a taxpayer to let the Department of Revenue inspect financial records, could be appealed as an appeal from a special statutory proceeding. The proceeding in *Southern Oregon Broadcasting* was not dependent upon another judicial proceeding for its existence; allowing the appeal there did not affect any other ongoing judicial proceeding.[4]

■ We conclude that the legislature did not intend to allow an appeal from an order issued pursuant to ORS 136.617-.619 because the procedures established by ORS

---

[3] We also indicated in *Endsley* that ORS 19.010(4) is not applicable in coram nobis because (1) coram nobis is not a statutory proceeding; and (2) ORS 19.010(4) applies only in civil cases. *State v. Endsley,* 214 Or 537, 542 n 1, 331 P2d 338 (1958). With the exception of habeas corpus, all common law post-conviction remedies, including coram nobis and the motion for relief in the nature of coram nobis, have been abolished in criminal cases. ORS 138.540(1).

[4] *See also Peter Kiewit v. Port of Portland,* 291 Or 49, 63, 628 P2d 720 (1982) (holding that the procedure provided by ORS 33.240 for the entry of an order directing the parties to proceed with arbitration is ancillary to the "special proceeding" provided by the complete arbitration statute, ORS 33.210-.340 and thus the order is not appealable).

136.617-.619 do not constitute a "special statutory proceeding." The proceedings established by ORS 136.617-.619 only come into play when a witness refuses to testify or produce evidence on the ground of self-incrimination "[i]n any criminal proceeding before a court of record or in any proceeding before a grand jury, or in any proceeding before a court of record under ORS 646.760 [civil antitrust proceedings brought by the Attorney General]."

Grand jury proceedings, which often require quick resolution, would be disrupted by allowing appeals from these orders. "[E]ncouragement of delay is fatal to vindication of the criminal law." *Cobbledick v. United States,* 309 US 323, 327, 60 S Ct 540, 84 L Ed 783 (1940). Allowing appeals from orders issued under ORS 136.617 might abort grand jury proceedings in some cases. The term of a grand jury is limited by statute. ORS 132.120 provides that "when the term of court is completed the grand jury must be discharged by the court," except where the court deems it advisable not to discharge the grand jury. *See generally* Comment, *Interlocutory Appeals in Criminal Cases: An Open But Closely Guarded Door,* 66 Geo L J 1163 (1978).

The Court of Appeals properly dismissed the appeals. ORS 136.617-.619 is not a "special statutory proceeding" within the meaning of ORS 19.010(4).[5]

Affirmed.

---

[5] Our decision in this case is consistent with the long-standing federal rule and consistent with the rules of other states. *See United States v. Ryan,* 402 US 530, 533, 91 S Ct 1580, 29 L Ed 2d 85 (1971) (order denying a motion to quash a subpoena to give evidence before a grand jury not appealable); *Cobbledick v. United States,* 309 US 323, 60 S Ct 540, 84 L Ed 783 (1940) (same); *State v. Grover,* 387 A2d 21, 21 (Me 1978) (same); *In re Investigating Grand Jury of Philadelphia County,* 437 A2d 1128 (Pa 1981) (same); *In re Specter,* 455 Pa 518, 317 A2d 286, 286 (1974) (same); *Commonwealth v. Winer,* 404 NE2d 654 (Mass 1980) (order to produce records before grand jury not appealable).