Argued and submitted January 20, affirmed May 19, appellant's petition for reconsideration filed July 20 allowed by opinion September 1, 1993

See 123 Or App 68 (1993)

David B. CONNELL,
Special Conservator of
the Estate of Loevitaur,
*Plaintiff,*
*and*

LOEVITAUR,
by Ellen J. Chmaj,
his guardian ad litem,
*Appellant,*

*v.*

Timothy FRANKLIN
and Phyllis Franklin,
husband and wife,
*Respondents.*

(880411; CA A65440)

852 P2d 924

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Scott McGraw, Salem, argued the cause for respondents. With him on the brief was Pound, Dorszynski & McGraw, Salem.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff[1] appeals from a judgment dismissing his complaint with prejudice. He assigns error to the court's appointment of a special conservator in this proceeding. ORS 126.227. We affirm.

In February, 1988, plaintiff filed a *pro se* complaint commencing this proceeding in the Lincoln County Circuit Court. He sought rescission of a contract, or alternatively, a declaratory judgment declaring an equitable right of redemption, alleging that he lacked the mental capacity to enter into the agreement. He then hired an attorney, and, at the insistence of counsel, agreed to have a conservator appointed. The conservator was appointed in a probate proceeding initiated by the attorney under ORS 126.157 *et seq* in the Benton County Circuit Court.

Eighteen months later, while this litigation was still pending, plaintiff, *pro se*, petitioned the Benton County court to terminate the conservatorship. He also filed a motion in this case to amend the caption to reflect his status as an individual plaintiff. Although the Benton County court did not terminate the conservatorship at that time, the Lincoln County court granted his motion to amend the caption.

In October, 1989, defendants filed a petition in the Benton County conservatorship proceeding seeking to appoint a "special conservator" for the property at issue in this proceeding, pursuant to ORS 126.227.[2] At the hearing on

---

[1] We refer to plaintiff Loevitaur individually as plaintiff.

[2] ORS 126.227 provides:

"(1) If it is established that a basis exists as described in ORS 126.157 for affecting the property and affairs of the person the court, without appointing a conservator, may authorize, direct or ratify:

"(a) Any transaction necessary or desirable to achieve any security, service, or care arrangement meeting the foreseeable needs of the protected person, including but not limited to, payment, delivery, deposit or retention of funds or property, sale, mortgage, lease or other transfer of property, entry into an annuity contract, a contract for life care, a deposit contract, a contract for training and education, or addition to or establishment of a suitable trust.

"(b) Any contract, trust or other transaction relating to the protected person's financial affairs or involving the estate of the person if the court determines that the transaction is in the best interests of the protected person.

"(2) Before approving a protective arrangement or other transaction under this section, the court shall consider the interests of creditors and dependents of

the petition, defendants objected to plaintiff's request that the conservatorship be terminated and asked the court to continue the conservatorship or to appoint another conservator. Defendants also informed the court that the hearing involved the appointment of a special conservator in this Lincoln County proceeding. Before the substantive portion of the hearing, the trial judge considered plaintiff's motion that he recuse himself from considering the Benton County probate matter.[3] During colloquy with counsel, the trial judge said:

"Here's the way we're [going to] proceed. I'm going — everybody knows why we're here and I'm going to proceed this way. [Defendants' counsel], you should file, so the record's clear, and I'll give you leave to file it, a motion to appoint a special conservator in the Lincoln County case file. Okay.

"We already have an objection to the appointment of a special conservator in this case. And I will hear that case and I will not hear the conservatorship case. So basically what's [going to] happen, Mr. Loevitaur, your conservatorship is [going to] continue because I'm not [going to] hear it. By the time it gets reset, I assume we'll have the Lincoln County case over. So the conservatorship in that case will continue until we get another judge to hear it. But I will hear the motions to appoint a special conservatorship on the Lincoln County case because I've not been affidavited in that matter. So we'll proceed to hear just that issue today. I will not deal with the conservatorship issue at all.

"[DEFENDANTS' COUNSEL]: If I could have just a moment, your honor, to make sure that I understand what the court is saying. The court is saying the conservatorship case in Benton County will continue because you're not going to hear that matter.

"THE COURT: Right."

the protected person and, in view of the disability of the person, whether the protected person needs the continuing protection of a conservator. The court may appoint a special conservator to assist in the accomplishment of any protective arrangement or other transaction authorized under this section who shall have the authority conferred by the order and serve until discharged by order after report to the court of all matters done under the order of appointment."

[3] The judge at the Benton County hearing had also been assigned to preside over this proceeding.

Four days after the hearing, defendants filed a "motion to appoint a special conservator" in this proceeding. Thereafter, the same trial judge, sitting as a Lincoln County Circuit Court judge, ordered, without a hearing, the appointment of a special conservator, a different individual than the Benton County conservator.[4]

In February, 1990, the court approved a "Stipulation * * * of Settlement" in this proceeding, tendered by the special conservator over the objections of plaintiff. Later that month, the Benton County conservatorship was terminated. In May, 1990, the special conservator reported to the court that plaintiff had not performed under the terms of the stipulated settlement. Thereafter, the court dismissed plaintiff's complaint with prejudice. He timely appeals from that judgment.

Plaintiff argues that the trial court erred in appointing the special conservator, because defendants did not meet their burden of proving that a special conservator was needed. Defendants contend that we should reject that argument, because plaintiff did not appeal within 30 days of the order appointing the special conservator.

ORS 19.010(4) provides:

"An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

■■ We hold that an order appointing a special conservator is a special statutory proceeding. Under ORS 19.010(4), a special statutory proceeding is a proceeding that is separate from other judicial proceedings. *See State v. Threet*, 294 Or 1, 6, 653 P2d 960 (1982). The appointment of a special conservator under ORS 126.003(2) is a separate matter within the

---

[4] In February, 1990, plaintiff filed a *pro se* "Notice of Dismissal" of the special conservator, which was ignored by both the court and the parties. He does not assign error to the court's failure to respond to his motion and, therefore, we do not address that issue. *But see* ORS 126.387. As to the effect of protective proceedings occurring in multiple counties, see ORS 126.163 and ORS 126.173. Moreover, we express no opinion as to the propriety of filing a petition to appoint a special conservator within a separate proceeding.

jurisdiction of the probate court. Because the order appointing the special conservator is a final order under ORS 19.010(4), an appeal must be taken within 30 days of the entry of the order. ORS 19.026. Plaintiff has not timely appealed the order on which the assigned error is based. Plaintiff's failure to appeal from that order resulted in the order becoming final and not subject to our review in this appeal from the judgment in the contract case.

To hold otherwise would subject orders appointing special conservators to collateral attack at later dates. Such an attack, if successful, would set aside the order and require the court to unravel the transactions of the special conservator. In such a case, ORS 126.303 would not protect those dealing in good faith with the special conservator.

Affirmed.