On appellant's petition for reconsideration filed July 20, reconsideration allowed; opinion (120 Or App 414, 852 P2d 924) modified and adhered to as modified September 1, 1993

David B. CONNELL,
Special Conservator of
the Estate of Loevitaur,
*Plaintiff,*
*and*

LOEVITAUR,
by Ellen J. Chmaj,
his guardian ad litem,
*Appellant,*

*v.*

Timothy FRANKLIN
and Phyllis Franklin,
husband and wife,
*Respondents.*

(880411; CA A65440)

858 P2d 911

George W. Kelly, Eugene, for petition.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff Loevitaur (plaintiff) appealed from a judgment dismissing his complaint with prejudice. He assigned error to the trial court's appointment of a special conservator under ORS 126.227. We held that he had not timely appealed the order on which the assigned error was based. 120 Or App 414, 852 P2d 924 (1993). Plaintiff has filed a petition for review, which we treat as a petition for reconsideration. ORAP 9.15. We allow reconsideration and adhere to our opinion as modified.

In February, 1988, plaintiff filed a *pro se* complaint in the Lincoln County Circuit Court seeking rescission of a contract between plaintiff and Timothy and Phyllis Franklin (defendants) for the sale of plaintiff's property, or in the alternative, a declaratory judgment declaring an equitable right of redemption. Thereafter, a conservator was appointed on behalf of plaintiff in a conservatorship proceeding in the Benton County Circuit Court, pursuant to ORS 126.157 *et seq*. While the litigation in Lincoln County was still pending, plaintiff petitioned the Benton County court to terminate the conservatorship. Defendants then filed a petition in the Benton County conservatorship proceeding seeking the appointment of a "special conservator," pursuant to ORS 126.227, to act on behalf of plaintiff regarding the property at issue in the Lincoln County proceeding.

At the hearing on the petitions, the trial court declined to rule on plaintiff's request because of a pending motion by plaintiff asking that the trial judge recuse himself. The court suggested that defendants' motion be refiled in the Lincoln County case. Four days after that hearing, defendants filed a similar motion in the Lincoln County proceeding and the same trial judge, sitting as a Lincoln County circuit court judge, ordered the appointment of a special conservator. In February, 1990, the court in the Lincoln County litigation approved a settlement entered into by the special conservator on behalf of plaintiff and over plaintiff's objections. Thereafter, the court dismissed plaintiff's complaint with prejudice, and he timely appealed from that judgment. Plaintiff assigned as error the appointment of the special conservator in the Lincoln County case.

On appeal, plaintiff argued that the trial court erred in appointing a special conservator, because defendants did not meet their burden to demonstrate that a special conservator was needed. Defendants argued that the appeal was not timely, because plaintiff did not appeal within 30 days of the order appointing the special conservator. We held that a special conservatorship is a special statutory proceeding and is a proceeding that is separate from other judicial proceedings. We said that, because the order appointing the special conservator was a final order under ORS 19.010(4), an appeal must be taken within 30 days of the entry of that order, and that plaintiff had not timely appealed the order on which the assignment of error was based. In a footnote, we "express[ed] no opinion as to the propriety of filing a petition to appoint a special conservator within a separate proceeding." 120 Or App at 418 n 4.

In his petition for reconsideration, plaintiff argues that the order did not affect a final determination of the parties' rights and therefore was not appealable until entry of a final judgment. He asserts that the order is an "intermediary act that can be appealed after entry of the final judgment." As we pointed out in our initial opinion, the appointment of a special conservator under ORS 126.227 is a statutory proceeding separate from a civil claim for rescission of a contract or a declaratory judgment. ORS 126.227(2) provides, in part:

> "The court may appoint a special conservator to assist in the accomplishment of any protective arrangement or other transaction authorized under this section who shall have the authority conferred by the order and serve until discharged by order after report to the court of all matters done under the order of appointment."

A probate court order appointing a special conservator is a final order under ORS 19.010(4) and an appeal must be taken within 30 days of the entry of that order. The effect of plaintiff's argument would be to change the nature of the order when it is made within a separate civil proceeding. In the first instance, nothing in the statute suggests that the circuit court presiding over a civil trial has the authority to institute a conservatorship as part of the civil proceeding. *See*

*also* ORCP 27B.[1] Moreover, to require a protected person to appeal the order appointing the conservator as part of the final judgment in a civil case would, as we said in our earlier opinion,

> "subject orders appointing special conservators to collateral attack at later dates. Such an attack, if successful, would set aside the order and require the court to unravel the transactions of the special conservator. In such a case, ORS 126.303 would not protect those dealing in good faith with the special conservator." 120 Or App at 419.

There is no reason to treat such an order differently simply because it was made in a separate civil proceeding.

Our statement that we express no opinion as to the propriety of filing a petition to appoint a special conservatorship in the Lincoln County civil action, 120 Or App at 418 n 4, was misleading, because it could suggest that an order appointing a special conservator can properly be an interlocutory order in a civil case that, for purposes of appeal, becomes a part of the civil judgment. The correct procedure would have been for defendants to have obtained a ruling on plaintiff's petition pending before the Benton County court. *See* ORS 126.163 and ORS 126.173.[2] If the conservatorship had

---

[1] ORCP 27B provides:

"When an incapacitated person as defined by ORS 126.003 (4), who has a conservator of such person's estate or a guardian, is a party to any action, the incapacitated person shall appear by the conservator or guardian as may be appropriate or, if the court so orders, by a guardian ad litem appointed by the court in which the action is brought. If the incapacitated person does not have a conservator of such person's estate or a guardian, the incapacitated person shall appear by a guardian ad litem appointed by the court. The court shall appoint some suitable person to act as guardian ad litem."

[2] ORS 126.163 provides, in part:

"After the service of notice in a proceeding seeking the appointment of a conservator or other protective order and until termination of the proceeding, the court in which the petition is filed has:

"(1) Exclusive jurisdiction to determine the need for a conservator or other protective order until the proceedings are terminated.

"(2) Exclusive jurisdiction to determine how the estate of the protected person which is subject to the laws of this state shall be managed, expended or distributed to or for the use of the protected person or any of the dependents of the protected person."

ORS 126.173(1) provides:

"If proceedings for the appointment of a conservator or other protective order are commenced in more than one county, they shall be stayed except in the

been terminated, they could have filed a petition for a special conservatorship in the Lincoln County probate court. Regardless, plaintiff cannot extend the time to appeal the order appointing a special conservator by waiting and appealing from the civil judgment. Therefore, we adhere to the conclusion in our previous opinion that plaintiff has not filed a timely appeal from an order adjudicating the authority of a conservator to act on his behalf in the Lincoln County proceeding.

Plaintiff's other arguments do not require further discussion.

Reconsideration allowed; opinion modified and adhered to as modified.

---

county where first commenced until final determination of venue in the county where first commenced. If the proper venue is finally determined to be in another county, the court shall cause a transcript of the proceedings and all original papers filed therein, all certified by the clerk of the court, to be sent to the clerk of the court of the proper county."