## STATE OF OREGON,
*Appellant,*

*v.*

## 132.85 ACRES
Located on Highway 395, Milepost 111,
Mt. Vernon, Oregon, more particularly described
in Exhibit A; Miscellaneous Personal Property,
more particularly described in Exhibit B,
*Respondents,*

*and*

Rodney SAGE,
*Claimant-Respondent.*

(90-07-274 CV; CA A69000)

834 P2d 526

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David Hydes, Canyon City, argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

### RIGGS, J.

In this civil forfeiture case, the state appeals the trial court's order granting claimant's motion for summary judgment and dismissing the case with prejudice. The state assigns error to the trial court's conclusion that the state had not commenced the action within the time set by the forfeiture laws. We reverse and remand.

Claimant's real property was seized on June 26 or 27, 1990. The state filed a complaint seeking forfeiture pursuant to Oregon Laws 1989, chapter 791, on July 25, 1990, but it did not serve claimant with a summons or a copy of the complaint.[1] On September 27, 1990, claimant moved to intervene and to dismiss with prejudice, arguing that the state had not properly commenced the action, because it had not served him with a summons and complaint as required by ORS 12.020. The trial court agreed and ruled in claimant's favor.

We begin by setting out the various statutes and rules that the parties argue control this case.

ORS 12.020(1) provides, in relevant part:

"[F]or the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant * * *."

Oregon Laws 1989, chapter 791, section 7, concerns procedures for forfeiture actions against real property.[2] Section 7 provides, in relevant part:

"A civil action in rem must be brought if the property is real property * * *.

"(1)    [T]he action shall be commenced within 30 days of seizure.

"(2)    An action is commenced by filing a complaint. * * *

---

[1] Claimant was eventually served with a summons and a copy of the complaint 100 days or more after his property was seized.

[2] Oregon Laws 1989, chapter 791, is not codified in the Oregon Revised Statutes, but is published as a note preceding ORS 166.005. Chapter 791 stands repealed on December 31, 1993. It authorizes and provides procedures for forfeiture of real and personal property "which is used, or intended to be used, in any manner or part, to commit or facilitate in any manner the commission of prohibited conduct." Or Laws 1989, ch 791, § 3(7).

"(3)   All persons known to have an interest in the property, including any claimant, shall be served with a true copy of an inventory of the property, summons and complaint as provided in ORCP 5 and 7 D. * * *

"(4)   The action shall be governed by the Oregon Rules of Civil Procedure to the extent that they do not conflict with specific provisions of this Act."

ORCP 5 reads, in relevant part:

"A judgment in rem may affect the interests of a defendant in the status, property, or thing acted upon *only if* a summons has been served upon the defendant pursuant to Rule 7 or other applicable statute." (Emphasis supplied.)

■   As we understand claimant's argument, it is that chapter 791, section 7, when read as a whole, requires that a complaint must be filed *and* that a summons and a copy of the complaint must be served on the claimant to commence an action. According to claimant, any other construction would make the forfeiture laws inconsistent with the Oregon Rules of Civil Procedure and ORS 12.020. That argument is not persuasive.

As is clear from the language of the forfeiture law, a civil action *in rem* seeking the forfeiture of real property used to facilitate "prohibited conduct" "is commenced by filing a complaint." Or Laws 1989, ch 791, § 7(2). There are no other requirements within that act for commencing an action. The requirement in section 7(3) that "[a]ll persons known to have an interest in the property" be served as required by ORCP 5 and 7D is not an additional requirement for the commencement of an action. If the state files a complaint within 30 days after seizing the real property, it has commenced the action for purposes of that time limitation. The state must then serve all persons with an interest in the property in order to establish the authority of the court to affect the interests of those persons in the property. ORCP 5.

We need not consider whether our interpretation of the forfeiture laws is consistent with ORCP, because section 7(4), quoted above, takes the forfeiture proceeding out of those rules, if they are inconsistent with the forfeiture law.

■   We next consider whether ORS 12.020(1), which requires that the prosecuting party file a complaint *and* serve

summons in order to commence an action, supersedes the lesser requirement of Oregon Laws 1989, chapter 791, section 7(2). We hold that it does not. Chapter 791 is a specific and separate body of law providing special procedures for forfeitures of personal and real property in certain cases.[3] In those cases, the special procedures in chapter 791 control over any general procedures provided in other statutes. *See State v. Threet*, 294 Or 1, 4, 653 P2d 960 (1982); *see also Thompson v. IDS Life Ins. Co.*, 274 Or 649, 656, 549 P2d 510 (1976).

Reversed and remanded.

---

[3] The legislature has expressed an intent that forfeitures be conducted according to the provisions of Oregon Laws 1989, chapter 791. Section 1(2) provides, in relevant part:

"[T]he Legislative Assembly adopts the provisions of this Act as the sole and exclusive law of the state pertaining to the forfeiture of real and personal property based upon prohibited conduct * * *. After the effective date of this Act, no actions for forfeiture shall be initiated except those in compliance with the provisions of this Act."