Argued and submitted March 12, affirmed September 16, 1992

## MULTNOMAH COUNTY,
*Respondent,*

*v.*

## ONE 1984 CHEVROLET CORVETTE,
## OR LICENSE SJ, VIN #1G1AY0783E5104493,
*Defendant,*

*and*

## Sherman JACKSON,
*Appellant.*

(91-02-00786; CA A69122)

837 P2d 559

Steven Smucker, Portland, argued the cause for appellant. With him on the briefs was Bates, Smucker & Reid, Portland.

Amy Holmes Hehn, Deputy District Attorney, Portland, argued the cause for respondent. With her on the briefs was Michael D. Schrunk, District Attorney, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Claimant appeals from the denial of his motion to set aside a judgment of civil forfeiture. We affirm.

In January, 1990, agents of the Regional Organized Crime Narcotics Task Force began investigating claimant's cocaine distribution operation. During the course of the investigation, an informant purchased cocaine from claimant at the direction of task force agents. On November 6, 1990, claimant negotiated a sale of cocaine to the informant, using the cellular telephone in his car. Claimant consummated the transaction later that day by delivering approximately two ounces of cocaine to the informant. On November 29, 1990, task force agents executed a search warrant at claimant's residence in Portland and arrested him on federal drug trafficking charges. The agents found over 400 grams of cocaine in a box near claimant's car, which they also seized.

When claimant was arrested, he was personally served with a "Notice to Potential Claimants" form that advised him of the requirement that he file a claim in order to contest forfeiture of the car. The notice advised him that he had to file his claim with the county's forfeiture counsel and listed Suite 600 of the Multnomah County Courthouse, where the Multnomah County District Attorney's Office is located, as forfeiture counsel's address. The notice advised claimant of the deadline for filing his claim. The notice provided telephone numbers to call for information. Plaintiff also gave notice of the seizure by publishing a forfeiture notice for four successive weeks in the *Daily Journal of Commerce*. That notice included the claim filing requirements.

On January 23, 1991, and February 4, 1991, claimant's counsel wrote letters to the United States Attorney seeking release of the car. The United States Attorney's Office had no forfeiture pending against the automobile. However, neither claimant nor his counsel contacted anyone at the Multnomah County District Attorney's Office about the car before entry of the judgment of civil forfeiture.

On February 5, 1991, plaintiff obtained a judgment of civil forfeiture against claimant's interest in the car. On February 18, 1991, claimant filed a claim for the car, along

with a motion to set aside the judgment. The motion was denied. He appeals.

Claimant makes two assignments of error. He contends that the Oregon Rules of Civil Procedure apply to the forfeiture proceeding and that, under ORCP 69A and ORCP 71, the judgment should have been set aside. We hold that ORCP do not generally apply to this summary proceeding.

Oregon Laws 1989, chapter 791, establishes two separate procedures by which property may be forfeited.[1] A summary procedure, set out in section 6, is available for cash and personal property that is not subject to a lien or interest of a person other than the person from whom the property was seized. Real property and encumbered personal property may be forfeited only after a forfeiture action is initiated by the filing of a complaint *in rem* in district or circuit court, pursuant to section 7. *See State v. 132.85 Acres*, 114 Or App 339, 834 P2d 526 (1992). Because the car was wholly owned by claimant at the time of its seizure, it was subject to the summary forfeiture procedure, which is initiated by serving the owner of the seized property with a "Notice to Potential Claimant" form. The contents of the notice served on claimant met the requirements of the statute. Section 6 also requires that the seizing agency serve on the claimant an inventory of the items seized. Or Laws 1989, ch 791, § 6(1). The agents combined the inventory with the notice to claimant by describing the seized vehicle on the face of the notice.

When the seized property is anything other than cash in the amount of $1,000 or less, the seizing agency must publish a notice of seizure in the manner set forth in ORCP 7D(6)(b) to (d) for four successive weeks in a newspaper of general circulation. Or Laws 1989, ch 791, § 6(1). Notice was properly published.

Any person claiming an interest in the seized property must file a claim with the forfeiting agency's forfeiture counsel within 15 days after the notice of seizure for forfeiture or from the date of the last publication. Or Laws 1989, ch 791, § 6(2). The notice served on claimant advised him of that deadline and also advised him that his claim had to be filed

---

[1] Oregon Laws 1989, chapter 791, is not codified in Oregon Revised Statutes. It appears as a note preceding ORS 166.005. It stands repealed on December 31, 1993.

with forfeiture counsel at the office of the Multnomah County District Attorney. Section 6(2) provides that "[n]o extension for the filing of any claim shall be granted." Section 6(3) provides that, if no timely claim is filed, "the property shall, upon application and affidavit of the forfeiting agency, be declared forfeited to the forfeiting agency." That section does not require any additional notice before a judgment of forfeiture is obtained.

■ If a timely claim is filed with forfeiture counsel, or if the seized property is real property or encumbered personal property, the property may be forfeited *only* in a civil action *in rem* initiated by the filing of a complaint in district or circuit court, in accordance with section 7. Section 7(4), which relates to forfeiture actions initiated by the filing of a complaint, states that "[t]he action" is generally governed ORCP. Placement of that provision in section 7 suggests that it is intended to apply only to actions initiated by the filing of a complaint. Section 6, the summary forfeiture process, is entirely separate and contains its own procedures and rules of notice. If the legislature intended summary forfeiture proceedings under section 6 to be governed by ORCP, it would have said so. If the legislature intended to require forfeiture counsel to give claimants or their counsel any notice in addition to the notice specifically required by section 6 before seeking a judgment, it would have done so. Instead, it provided in section 6(2) that "no extension for the filing of any claim shall be granted." The evident intent is to require the court to declare property forfeited without further notice to or involvement by the claimant once the notice procedures of the section have been followed and no claim has been filed.

■ ORCP 1A states that the rules apply to all civil actions in Oregon courts, "except where a different procedure is specified by statute or rule." Or Laws 1989, ch 791, section 6, specifies a different procedure for summary civil forfeitures.

We hold that ORCP do not apply to summary forfeiture proceedings under section 6. In the absence of a timely claim by claimant, plaintiff properly obtained a judgment of civil forfeiture. The court correctly denied claimant's motion to set aside the judgment.

Affirmed.