Argued and submitted June 19, 1992, affirmed as to Magana; appeal dismissed as to Izazaga February 3, 1993

CITY OF PORTLAND,
a political subdivision of
the State of Oregon,
*Respondent,*

*v.*

$4,345 in U.S. CURRENCY,
187,000 Pesos and
One 1985 Pontiac Fiero, RFY-058,
*Defendant,*

Sixtos MAGANA
and Gloria Izazaga,
*Appellants.*

(91-C-735353; CA A70549)

845 P2d 1301

Helen L. Cooper, Salem, waived oral argument for appellants. With her on the brief was Ferder, Ogdahl, Brandt & Casebeer, Salem.

Val C. Morley, Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was Michael D. Schrunk, District Attorney, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Claimant Magana appeals from a civil forfeiture judgment.[1] He contends that the court erred by denying his motion to set the judgment aside, because the seizure of his property was ruled unlawful in a separate criminal case.[2]

Claimant was driving eastbound on Sandy Boulevard in Portland when he was stopped by Portland police officers for a traffic infraction. During the stop, the officers determined that he had provided them with a falsified Oregon driver's license. They arrested him, searched his car and found four folded packages of currency totaling $4,345 hidden behind the radio. The officers requested that a drug detection dog be brought to the scene. When the dog arrived, it "reacted" strongly to the money and to the area in the car where it had been found. The dog's reaction was an indication that controlled substances had come in contact with both the money and the location where the money had been found.

The officers seized the money and the car. They gave claimant a "Notice to Potential Claimant" that outlined the steps necessary to claim an interest in the seized property and to contest its forfeiture. The notice advised claimant that he had to file his claim with forfeiture counsel. It provided that counsel's address, stated that the deadline for filing a claim was September 25, 1990, and that he would automatically lose any interest in the property if he did not.

Plaintiff published a notice of the seizure for four successive weeks in the *Daily Journal of Commerce*. That notice included information about the claim filing requirements and a statement of the basis for the forfeiture.

---

[1] Claimant's sister-in-law, Izazaga, joined his motion to set aside the judgment. She also joined in his Notice of Appeal. However, she was not a party to the judgment, and it did not adjudicate any interest that she may have in the money. ORS 19.020; *see Jackson County v. $19,300 U.S. Currency*, 118 Or App 60, 845 P2d 1302 (1993); *Multnomah County v. $6,381 in U.S. Currency*, 104 Or App 654, 802 P2d 705 (1990). She concedes that she has no right to appeal the judgment. Accordingly, we dismiss her appeal. *Jackson County v. $19,300 U.S. Currency, supra.*

[2] Claimant also argues that plaintiff engaged in misconduct. That argument is without merit and requires no discussion.

Claimant did not file a timely claim, and plaintiff obtained a forfeiture judgment under the summary procedure authorized in Oregon Laws 1989, chapter 791, section 6. *See Multnomah County v. One 1984 Chevrolet Corvette*, 115 Or App 276, 837 P2d 559 (1992). Claimant filed a motion to set the judgment aside. The court denied his motion.

■    Oregon Laws 1989, chapter 791, section 4(6) provides:

> "Property which has been unconstitutionally seized may be subject to forfeiture if the basis for forfeiture under chapter 791, Oregon Laws 1989, is sustained by evidence which is not the fruit of the unconstitutional seizure."

That section suggests that unlawfully seized property is subject to forfeiture only if the basis for the forfeiture can be established by separate and untainted evidence. If claimant had filed a timely claim, he could have asserted the unconstitutionality of the seizure as a ground to defeat the forfeiture. However, claimant failed to file a timely claim after being properly notified. He waived his right to contest the forfeiture.

■    Once a judgment is entered under the summary procedure authorized in section 6, a claimant may not directly attack it. *See Multnomah County v. One 1984 Chevrolet Corvette, supra*. Claimant could not challenge the constitutionality of the seizure in a motion to set aside the judgment. The trial court properly denied the motion.

Affirmed as to Magana; appeal dismissed as to Izazaga.