Argued and submitted December 22, 1993, affirmed September 7, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## $12,020 in U.S. CURRENCY,
*Defendants in rem,*
*and*

## LUIS GARCIA-CANIZAL,
*Appellant.*

(92CV0137; CA A76837)

880 P2d 513

Jenny Cooke argued the cause and filed the briefs for appellant.

Diane S. Lefkow, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

PER CURIAM

---

* Haselton, J., *vice* Durham, J.

**PER CURIAM**

Claimant appeals from a judgment of civil forfeiture, Or Laws 1989, ch 791, entered after he failed to file a timely claim. Or Laws 1989, ch 791, §§ 6(3), (4). He contends, first, that the notice that he received of the time within which to file his claim did not comply with Oregon Laws, chapter 791, sections 6(1) and (2)(a). His theory is that those provisions require notice of the "deadline for filing a claim." According to claimant,

> "the legislature meant that the forfeiting agency must give a person from whom the property is seized notice of the *actual date* by which a claim must be received, as distinct from the notice that the person has 21 days within which to file." (Emphasis claimant's.)

The distinction that claimant would make is unsupported by relevant authority and is unconvincing. Both of the variations that he describes effectively impart the same information. We reject his argument.

Claimant's remaining arguments, including his contention that the statute and the way it was applied violate his due process rights, are adversely answered by *City of Portland v. $4,345 U.S. Currency*, 118 Or App 72, 845 P2d 1301 (1993), *Jackson County v. $19,300 U.S. Currency*, 118 Or App 60, 845 P2d 1302 (1993), and *Multnomah County v. One 1984 Chevrolet Corvette*, 115 Or App 276, 837 P2d 559 (1992). Those cases defeat the substance of some of claimant's arguments and hold that the others may not be raised in *this* proceeding or appeal.

Affirmed.