IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 13, 2005 Session

# DAN MITCHELL D/B/A EAGLE CDI v. JOHN OWENS, and wife ROSE MARIE OWENS

**Direct Appeal from the Chancery Court for Sevier County**
**No. 01-6-238 & 01-6-255      Hon. Telford E. Forgety, Jr., Chancellor**

---

**No. E2004-02342-COA-R3-CV FILED OCTOBER 12, 2005**

---

Plaintiff filed an action to compel arbitration. Defendant filed an action for damages. The Trial
Court combined the actions and denied arbitration and the parties proceeded to trial and final
judgment. The Trial Court *inter alia* held that plaintiffs waived issue of arbitration. On appeal, we
affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO,
JR., J., and SHARON G. LEE, J., joined.

Monty L. Walton, Knoxville, Tennessee, for appellant.

J. Patrick Stapleton, Sevierville, Tennessee, for appellees.

## OPINION

The Complaint in this action was initially filed on June 10, 2001 by appellant, Dan
Mitchell ("Mitchell"), against appellees John Owens and Rose Marie Owens ("the Owens"). The
Complaint averred that Mitchell had entered into a contract for construction improvements on the
Owens' property, and the contract contained the following provision:

> Any dispute under this agreement shall be submitted to arbitration with a
> single arbiter under the rules of the American Arbitration Association. The
> arbiter need not be an attorney or professional adjudicator and not employed

[sic] or otherwise associated with either party, but must be a person with experience and training in construction engineering and construction contracting and architecture.

Further, that a hearing on the merits "be stayed to allow the parties to proceed with arbitration pursuant to the terms of their contract". On June 22, 2001 the Owens filed a complaint against Mitchell seeking a stay of arbitration and damages.

On July 27, 2001 the Trial Judge entered an Order consolidating the actions which stated that Mitchell would be the plaintiff and the Owens would be considered the defendants and counter-plaintiffs. The Order also provided for a stay of arbitration pending a trial on the issues of promissory fraud and fraudulent inducement.

A series of Motions for Summary Judgment and amendments were subsequently filed, and all Motions for Summary Judgment were denied on October 16, 2002. On November 4, 2002 the Owens filed amendments to their Complaint and Answer, with the defense that the arbitration clause was invalid due to improper execution, along with a Motion to Dismiss the Request for Arbitration. Mitchell responded to the Motion, insisting the arbitration clause was valid.

The Trial Court entered an Order on December 5, 2002, that granted the Owens' Motion to dismiss Mitchell's request for arbitration. The Order further provided that discovery would be allowed, and a Special Master would be appointed "for the hearing of all issues of fact and mixed issues of law and fact," and that the parties were to agree on a Special Master as soon as possible or the Court would appoint one.

On January 30, 2003 Mitchell filed a Motion for Enforcement of Arbitration, and if the Court overruled his Motion, he requested permission for an interlocutory appeal.

On September 2, 2003 the Trial Court entered an Agreed Order which appointed a Special Master.

On January 7, 2004, the Trial Court entered an Order denying Mitchell's request for enforcement of the arbitration provision and refused to grant an interlocutory appeal. Subsequently, on January 12, 2004, Mitchell filed an Application for an Extraordinary Appeal to this Court, which was denied.

The Special Master heard the issues over the course of five days (January 15-16 & 27-29, 2004), and subsequently filed a 123 page report on March 5, 2004, which report was confirmed by the Trial Court on June 7, 2004.

Mitchell has appealed to this Court, and the determinative issue on appeal is whether Mitchell waived the arbitration issue.

Our standard of review is *de novo*, and there is no presumption of correctness as to the Trial Court's legal conclusions. *T.R. Mills Contractors, Inc. v. WRN Enters*, 93 S.W.3d 861, 864 (Tenn. Ct. App. 2002)

The Owens argue that through Mitchell's actions during the lower Court's proceedings, he waived the issue of whether he was entitled to arbitrate, which was the position taken by the Trial Court.

When the Trial Court entered its Order granting the Owens' Motion to Dismiss Request for Arbitration on December 5, 2002, Mitchell had an immediate right to appeal. Generally, an appeal of right is permitted only from a final judgment. Tenn. R. App. P. 3(a). Tennessee's Uniform Arbitration Act, however, creates exceptions to this rule. Tenn. Code Ann. § 29-5-319 provides that:

> (a) An appeal may be taken from:
>   (1) An order denying an application to compel arbitration made under § 29-5-303;
>   (2) An order granting an application to stay arbitration made under § 29-5-303(b);
>   . . .
>
> (b) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

For the purposes of this section, "application" is to be made by motion. Tenn. Code Ann. § 29-5-317.

Although the Owens' Motion to Dismiss Request for Arbitration was not titled as a "Motion to Stay Arbitration," it requested that the Trial Court dismiss Mitchell's request for arbitration and take jurisdiction of the entire controversy. Thus, in substance the Owens' motion was an application to stay arbitration. *T.R. Mills Contractors, Inc. v. WRN Enters*, 93 S.W.3d 861, 865 (Tenn. Ct. App. 2002) ("When construing a motion, courts look to the substance rather than the form of the motion."). In addition, the Owens' Motion was made under § 29-5-303(b). This section provides that "On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate." Tenn. Code Ann. § 29-5-303(b). The Owens' Motion argued that there was no agreement to arbitrate because the arbitration provision in the contract was invalid under § 29-5-302(a). The Court's Order granting that Motion was immediately appealable by Mitchell as an appeal as of right under § 29-5-319.

Mitchell failed to assert this right. The appeal granted by § 29-5-319 "shall be taken in the manner and to the same extent as from orders or judgments in a civil action." Tenn Code Ann. § 29-5-319(b). Under Tenn. R. App. P 4(a), an appeal as of right to the Court of Appeals must be filed within 30 days after the date of entry of the judgment appealed from. Therefore, Mitchell had

until January 6, 2003 to file his notice of appeal. Mitchell did not make any such filing by that date.

In fact, Mitchell did not file any motion attacking the December 5 Order until January 30, 2003 (56 days after the December Order).

Rule 36(a) of the Rule of Appellate Procedure, provides "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." The Advisory Commission Comment to Rule 36(a) states that "a party is not entitled to relief if the party invited error, waived error, or failed to take whatever steps were reasonably available to cure an error." Regardless of whether the Trial Court erred in not submitting the dispute to arbitration, Mitchell's failure to file a timely notice of appeal was a failure to prevent the harmful effect of a potential error. Accordingly, Mitchell is not entitled to relief.

Most courts have held that when the right to immediately appeal the issue of arbitration is available, failure to immediately appeal constitutes waiver of that issue if the opposing party was prejudiced. *Cargill Ferrous Int'l v. Sea Phoenix MV*, 325 F.3d 695, 700 (5th Cir. 2003) (holding that failure to immediately appeal pursuant to 9 U.S.C. § 16,[1] although not dispositive, can constitute waiver if "participation in litigation prejudiced the other party"); *accord, Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1489-90 (10th Cir. 1994); *Transamerica Corp. v. Nat'l Union Fire Ins. Co.*, Nos. 93-55490, 93-55498, 1994 WL 712173, at *1-2 (9th Cir. 1994); *John Morrell & Co. v. United Food & Commercial Workers Int'l Union, AFL-CIO*, 37 F.3d 1302, 1303 & n.3 (8th Cir. 1994); *Cotton v. Slone*, 4 F.3d 176, 179-80 (2d Cir. 1993); *Palm Harbor Homes, Inc. v. Crawford*, 689 So.2d 3, 8 (Ala. 1997). But *cf, Colon v. R.K. Grace & Co.*, 358 F.3d 1, (1st Cir. 2003) (refusing to hold a failure to appeal constituted a waiver).

In this case, Mitchell did not perfect his appeal of right from the December 5, Order, and then participated in a five day special master's hearing where the Owens were awarded damages in the amount of $191,007.64. From the date that Mitchell filed his initial complaint to the Courts confirming the Special Master's Report, a period of approximately three years elapsed. As the *Cotton v. Slone* Court noted, the purpose behind the right to immediately appeal a ruling to deny arbitration would be defeated "if a party could reserve its right to appeal an interlocutory order denying arbitration, allow the substantive lawsuit to run its course (which could take years), and then, if dissatisfied with the result, seek to enforce the right to arbitration on appeal from the final

---

[1]The Federal Arbitration Act grants immediate rights of appeal in certain situations. This section provides that

An appeal may be taken from --

(1) an order --

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed

9 U.S.C. § 16. Thus, its language is very close to that used in Tenn. Code Ann. § 29-5-319.

judgment." *Id.* at 180.

Clearly granting Mitchell relief at this juncture, would defeat the purpose of arbitration. "One of the aims of arbitration is to avoid the expense and time involved in litigation. This purpose is not served by compelling arbitration after the litigation is complete." *Stahl v. McGenty*, 486 N.W.2d 157, 159 (Minn. Ct. App. 1992). Section 29-5-319 exists so that the issue of arbitration can be appealed and resolved before litigation begins. *Id.* (interpreting Minn. Stat. Ann. § 572.26, Minnesota's version of Tenn. Code Ann. § 29-5-319, which is based on the same Uniform Arbitration Act and uses identical language).[2]

In conclusion, Mitchell had the right to immediately appeal the issue of arbitration, but failed to file such an appeal in a timely manner, and has waived the issue of whether arbitration was appropriate. Upon this determination, all other issues raised are moot because all of the issues briefed by the parties concern whether the Trial Court should have allowed arbitration. Accordingly, the Judgment of the Trial Court is affirmed, and the cause remanded, with the cost of the appeal assessed to Dan Mitchell.

_____

HERSCHEL PICKENS FRANKS, P.J.

---

[2]With regard to the interpretation of uniform acts, the Tennessee Supreme Court has stated that

> It is axiomatic that a purpose in enacting uniform laws is to achieve conformity, not uniqueness. While opinions by courts of sister states construing a uniform act are not binding upon this court, we are mindful that the objective of uniformity cannot be achieved by ignoring utterances of other jurisdictions. This court should strive to maintain the standardization of construction of uniform acts to carry out the legislative intent of uniformity.

*Holiday Inns, Inc v. Olsen*, 692 S.W.2d 850, 853 (Tenn. 1985).