Argued and submitted December 6, 2007, affirmed August 13, petition for review allowed November 26, 2008 (345 Or 417)

Garland SNIDER,
*Plaintiff-Respondent,*

*v.*

PRODUCTION CHEMICAL MANUFACTURING, INC.,
a California Corporation,
*Defendant-Appellant.*

Multnomah County Circuit Court
050201434; A131621

191 P3d 691

Marlin Ard argued the cause for appellant. With him on the briefs were Timothy R. Volpert and Davis Wright Tremaine LLP.

Richard Allen Carlson argued the cause for respondent. With him on the brief were Nick A. Drakulich and Drakulich & Carlson, P.C.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals a judgment, following an adverse jury verdict, in plaintiff's breach of contract action against defendant, his former employer, for unpaid salary, commissions, and business expenses. On appeal, defendant raises seven assignments of error. We write to address only four of those assignments: that the trial court erred in denying defendant's petition to compel arbitration and that the trial court erred by failing to give three of defendant's requested jury instructions. We reject defendant's remaining assignments of error without discussion. We conclude that, because defendant failed to timely appeal the order denying its petition to compel arbitration, we lack jurisdiction to review that order. Additionally, we conclude that defendant failed to preserve its challenges to the jury instructions. For those reasons, we affirm.

Because plaintiff prevailed before the jury, we state the facts in the light most favorable to plaintiff. *Lamson v. Crater Lake Motors, Inc.*, 216 Or App 366, 368, 173 P3d 1242 (2007), *rev allowed*, 344 Or 390 (2008). In 1999, plaintiff entered into a written employment contract with defendant, Production Chemical Manufacturing, Inc., which produced and sold car care products. Plaintiff was the "National Sales Manager/Director of Sales and Marketing" for defendant. The term of plaintiff's employment was four years; however, the employment contract was subject to automatic renewal every four years unless either party provided 60 days notice prior to the expiration of the term. The contract provided that plaintiff could be terminated for cause if he "wilfully breache[d] or habitually neglect[ed]" his obligations under the contract. In 2003, the employment contract was renewed for a second four-year term.

Pursuant to the contract, plaintiff was entitled to receive a base salary and commissions—which were based on a percentage of profits from "recruited distributors and national company accounts developed by [plaintiff]." Defendant also agreed to reimburse plaintiff for the reasonable business expenses he incurred while promoting defendant's business. The contract included an arbitration clause that required controversies that "involv[ed] the construction or

application of any of the terms, provisions, or conditions" of the employment contract to be submitted to arbitration. The contract provided that the "agreement shall be governed by and construed in accordance with the laws of the State of California."

In February 2005, defendant terminated plaintiff's employment. At the time of the termination, defendant owed plaintiff unpaid salary, unpaid commissions, and unreimbursed business expenses.

Later in February 2005, plaintiff filed this civil action against defendant for breach of the employment contract and for violation of wage and hour laws. In May 2005, plaintiff filed a second amended complaint, and defendant filed its answer and affirmative defenses, which did not allege that plaintiff's claims were subject to mandatory arbitration. The matter was set for trial on October 6, 2005. A week before trial, defendant filed a motion to postpone the trial and the motion was granted. The trial was reset. Next, defendant filed a petition to compel arbitration and abate the circuit court case.

On December 23, 2005, the court entered an order denying defendant's petition to compel arbitration and abate the circuit court case on the ground that defendant had waived its contractual right to arbitration by " 'actively litigat[ing]' the case for eight months between the filing of the complaint and the filing of the motion to compel arbitration." The parties proceeded to a jury trial on the merits, and the jury returned a verdict in plaintiff's favor. Based on the jury's verdict, the court entered a general judgment in favor of plaintiff on February 13, 2006, and later entered a supplemental judgment. On March 14, 2006, defendant timely filed a notice of appeal from the general judgment and the supplemental judgment.

In defendant's first assignment of error, defendant contends that the trial court erred in denying its petition to compel arbitration. Defendant argues that the court erroneously concluded that defendant had waived its right to arbitrate by proceeding with litigation. In response, plaintiff questions our ability to review the court's denial of the petition, arguing that defendant's appeal of that order

is untimely. Plaintiff contends that an appeal from an order denying a petition to compel arbitration and abate the circuit court case must be taken within 30 days from the order. Here, plaintiff argues, defendant did not appeal the December 23, 2005, order within 30 days; instead, defendant waited until the general judgment was entered on February 13, 2006, and then filed its notice of appeal on March 14, 2006.

The questions before us are purely legal: Was the order denying arbitration and denying a stay of the circuit court case an appealable order; and was the appeal timely filed. We review both questions for errors of law.

■　　Before answering the questions on review, it is help-ful to generally discuss this court's jurisdiction and the prior law governing our review of issues concerning arbitration. The Court of Appeals does not possess "general" jurisdiction. This court was created by the legislature, ORS 2.510, and it possesses only the jurisdiction granted it by the legislature, ORS 2.516.

Before the adoption of ORS 36.730, discussed in detail below, it was well established that an order denying a motion to compel arbitration was not appealable, in part, because such an order did not prevent the entry of a final judgment at the conclusion of the litigation. *See Bush v. Paragon Property, Inc.*, 165 Or App 700, 702, 997 P2d 882 (2000) (citing *Berger Farms v. First Interstate Bank*, 148 Or App 33, 38, 939 P2d 64 (1997), *rev'd on other grounds*, 330 Or 16, 995 P2d 1159 (2000)). In 2003, the legislature adopted the Uniform Arbitration Act (UAA), Or Laws 2003, ch 598, and also amended the statutes governing appeals, Or Laws 2003, ch 576. The effect of those changes dramatically altered whether decisions by the trial court were appealable and when notices of appeal needed to be filed.

■■　　We begin with the question of whether the order is appealable. ORS 36.730 grants jurisdiction to this court for interlocutory appeals from orders denying petitions to compel arbitration. ORS 36.730 provides, in part:

"(1)　An appeal may be taken from:

"(a)　An order denying a petition to compel arbitration.

"(b)  An order granting a petition to stay arbitration.

"* * * * *

"(2)  An appeal under this section *must* be taken as provided in ORS chapter 19."

(Emphasis added.) ORS 19.005(2) defines a judgment as including an "appealable order, as provided in ORS 19.205." Additionally, ORS 19.205(5) provides that an appeal may be taken from any special statutory proceeding "unless appeal is expressly prohibited by the law authorizing the special statutory proceeding."[1] ORS 19.255(1) provides that, subject to some exceptions, "a notice of appeal must be served and filed within 30 days after the judgment appealed from is entered in the register."[2]

■     At the outset, defendant questions whether ORS 36.730 applies to this case. That dispute is easily resolved by referencing the effective dates of the statute. ORS 36.730, part of the UAA, ORS 36.600 to 36.740, was enacted by the legislature in 2003. Or Laws 2003, ch 598, § 28. The provisions governing the effective dates of the statute provide that "[o]n or after September 1, 2004, sections 1 to 30 of this 2003 Act govern an agreement to arbitrate *whenever made.*" Or Laws 2003, ch 598, § 3 (3), *compiled as a note after* ORS 36.600 (emphasis added). Additionally, the UAA does not affect an action or proceeding commenced * * * before January 1, 2004." Or Laws 2003, ch 598, § 31, *compiled as a note after* ORS 36.600. The complaint in this case was filed in February 2005—after the effective date of the statute and after September 1, 2004; accordingly, ORS 36.730 applies. *See Martin v. Comcast of California*, 209 Or App 82, 88-89, 146 P3d 380 (2006) (analyzing the effective date of the UAA).

---

[1] Arbitration proceedings are considered special statutory proceedings. *Berger Farms*, 148 Or App at 38.

[2] The employment contract specifies that California law applies to the substantive questions regarding arbitration. However, the parties agree, and so do we, that Oregon procedural law governs the question of whether defendant was required to file an interlocutory appeal from the order denying arbitration. Here, defendant filed its petition to compel arbitration under the Oregon statute; the petition stated, "Pursuant to ORS 36.600 et seq., Defendant petitions the Court for an Order compelling arbitration of Plaintiff's claims * * *." Additionally, at oral argument in this case, defendant agreed that the question of whether an interlocutory appeal is required "needs to be answered under Oregon law."

Having determined that ORS 36.730 applies, we turn to the proper construction of that statute. According to defendant, ORS 36.730 allows parties to file interlocutory appeals from orders denying petitions to compel arbitration but does not require an interlocutory appeal from such orders. Said another way, defendant contends that despite ORS 36.730, parties can still appeal an order denying petitions to compel arbitration after a final judgment has been entered in the case. According to defendant, the "plain language of ORS 36.730(1) * * * provides that an interlocutory appeal 'may' be taken from the denial of a petition to arbitrate," and if, defendant argues, "the legislature had intended to require that a decision denying petitions for arbitration be reviewed solely by interlocutory appeal, it would have used the word 'shall.'" Plaintiff disagrees. Plaintiff reads ORS 36.730 to permit parties to appeal the denial of petitions to compel arbitration. However, plaintiff points out that such appeals "*must* be taken as provided in ORS chapter 19," ORS 36.730(2) (emphasis added), and that ORS 19.255(1) requires that appeals be filed within 30 days after the order is entered in the register. We agree with plaintiff.

We apply the methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), to ascertain the meaning of ORS 36.730, by examining the text of the statute in context and, if necessary, the legislative history and other aids of construction. We conclude that, as construed at the first level of *PGE*, ORS 36.730 is unambiguous—that is, it can be read only to require that appeals from orders denying petitions to compel arbitration must commence within 30 days of the order.

The text of ORS 36.730(1)(a) provides that an appeal "may be taken" from "[a]n order denying a petition to compel arbitration." That portion of the statute grants permission, that is, a party whose petition to compel arbitration has been denied "may" choose to appeal the order. In that respect, ORS 36.730(1)(a) expresses a clear legislative intent to make orders denying petitions to compel arbitration appealable by providing that such orders "may" be appealed. Thus, the use of "may" in ORS 36.730(1)(a) relates to permission to appeal an order denying a petition to compel arbitration. It does not, however, relate to or confer discretion as to *when* such an

appeal may be brought. Indeed, inserting "shall" into ORS 36.730(1)(a), as defendant posits, would actually require parties to appeal all orders denying petitions to compel arbitration without respect to instances where a party may choose not to appeal. And, in any event, ORS 174.010 prohibits this court from inserting into the statute what has been omitted. In sum, the text of ORS 36.730(1)(a) is clear—it makes an order denying a petition to compel arbitration appealable.

ORS 36.730(1)(a), however, must be read in context with the remaining provisions of the same statute. *See Lane County v. LCDC*, 325 Or 569, 578, 942 P2d 278 (1997). Specifically, ORS 36.730(2) provides that if an appeal is taken pursuant to ORS 36.730(1)(a), it "*must* be taken as provided in ORS chapter 19." (Emphasis added.) ORS 36.730(2) is mandatory, that is, if a party chooses to appeal an order denying a petition to compel arbitration, ORS 36.730(2) requires that the appeal be taken as provided in ORS chapter 19. ORS 19.255(1), in turn, requires that "a notice of appeal must be served and filed within 30 days after the judgment appealed from is entered in the register." *See* ORS 19.005(2) (defining "judgment" to include appealable orders).

■ Accordingly, there is but one plausible reading of ORS 36.730—an appeal from an order denying a petition to compel arbitration, should a party choose to pursue one, must be commenced within 30 days after the order is entered in the trial court register.

Here, defendant failed to appeal the order denying its petition to compel arbitration within 30 days. Instead of filing an interlocutory appeal, defendant proceeded through a trial on the merits and assigns error to the court's order denying arbitration only after judgment was entered in plaintiff's favor. Because defendant did not timely appeal the order on which the assigned error is based, we lack jurisdiction to consider the merits of defendant's first assignment of error, that the trial court erred in denying its petition to compel arbitration and abate the circuit court case. *See* ORS 19.270(2)(b) (the failure to properly file a notice of appeal is jurisdictional). Defendant's failure to appeal from that order within 30 days resulted in the order becoming final and not subject to our review in this appeal of the judgment.[3] *See also*

[3] We applied a similar analysis in *Connell v. Franklin*, 120 Or App 414, 852 P2d 924, *adh'd to on recons*, 123 Or App 68, 858 P2d 911 (1993). There, the plaintiff

*Mitchell v. Owens,* 185 SW3d 837 (Tenn Ct App 2005) (reaching the same result under Tennessee's Uniform Arbitration Act, which is virtually identical to Oregon's Uniform Arbitration Act).[4]

■ In its fourth, fifth, and sixth assignments of error, defendant contends that the trial court erred in failing to give three of defendant's requested jury instructions. Specifically, in its fourth assignment of error, defendant contends that the court erred in failing to instruct the jury that it had granted defendant's motion for a directed verdict with respect to LAR and H2O—two accounts that plaintiff had sought commissions on. Defendant specifically asked the court to instruct the jury to not consider evidence pertaining to LAR and H2O, and the court agreed to do so. However, the court did not give the instruction to the jury. Defendant did not except to the court's failure to provide the instruction or otherwise bring the deficiency to the court's attention.

It is not clear from the record whether the court changed its mind and decided not to give the instruction or whether it simply forgot to give it. Either way, defendant "was obligated to bring the issue to the court's attention in order to clarify whether the court was making an adverse ruling or had simply forgotten to give the instruction." *State v. Derrick,* 198 Or App 358, 363, 108 P3d 608, *rev den,* 339 Or 475 (2005). Because defendant did not do so, it failed to preserve its fourth assignment of error.[5]

---

appealed a judgment dismissing his complaint and assigned error to the court's prior order, in the same case, appointing a special conservator. We held that the order appointing a special conservator was not subject to our review in the appeal from the judgment because the plaintiff failed to timely appeal the order on which the assigned error was based. *Id.* at 418-19.

[4] At the time the Tennessee Court of Appeals decided *Mitchell,* the Tennessee statutes provided that appeals may be taken from an order denying an application to compel arbitration and such appeals shall be taken in the manner and to the same extent as from orders or judgments in civil actions. The court noted that generally appeals, as a matter of right, are only permitted from a final judgment but that Tennessee's version of the Uniform Arbitration Act created an exception to the general rule. *Mitchell,* 185 SW3d at 839. As stated above, Oregon's version of the Uniform Arbitration Act, ORS 36.730, is virtually identical.

[5] The court did not specifically instruct the jury to disregard evidence pertaining to LAR and H2O, but the court did generally explain to the jury that some of the claims that it heard testimony on were no longer "in the case for various reasons." The court instructed the jury not to speculate as to why those claims were no longer in the case, stating, "[t]here are lots of reasons, but you just don't have to worry about why they're not. Just deal with those that are in the case." Additionally,

■ Defendant's fifth and sixth assignments of error, similarly, are unpreserved. A description of the disputed jury instructions is immaterial to our dispositions on the grounds of lack of preservation. After the court instructed the jury, and the jury retired to deliberate, the following colloquy ensued:

"THE COURT: Okay. Let's see. Okay. Now, plaintiff's exceptions?

"[PLAINTIFF'S COUNSEL]: I don't have any exceptions, Your Honor.

"[DEFENDANT'S COUNSEL]: Likewise.

"THE COURT: Okay. Other than ones—

"[DEFENDANT'S COUNSEL]: Other than what has been already commented.

"THE COURT: Everybody is incorporating all the matters?

"[PLAINTIFF'S COUNSEL]: Right.

"[DEFENDANT'S COUNSEL]: Reservations.

"THE COURT: Okay. So we're in recess."

Pursuant to ORCP 59 H, a party that asserts that the trial court erred in failing to give a proposed jury instruction must take an exception to the court's instructions immediately after jury instructions are given and must state any point of exception "with particularity."[6] ORCP 59 H provides:

"(1) A party may not obtain review on appeal of an asserted error by a trial court in submitting or refusing to

_____

defendant's counsel in his closing argument told the jury not to consider evidence pertaining to LAR and H2O: "I'm just going to tell you right now that LAR is no longer to be considered in terms of what commissions might be owed. The same is true with H2O"; "as I mentioned, LAR and H2O are gone"; "[a]gain, LAR is out." In light of those circumstances, any error in failing to give the instruction was likely harmless.

[6] ORCP 59 H was amended in 2004. Under prior Oregon practice, the failure of the court to give a proposed jury instruction was deemed to automatically import an exception to that failure. *See, e.g., Beall Transport Equipment Co. v. Southern Pacific*, 335 Or 130, 137-38, 60 P3d 530 (2002) (applying prior version of ORCP 59 H). Under the current version of ORCP 59 H, which is applicable here, parties must raise an exception to the trial court's failure to give the parties proposed jury instruction. *See Peitsch v. Keizer*, 219 Or App 114, 115, 180 P3d 1239 (2008) (so holding).

submit a statement of issues to a jury pursuant to subsection C(2) of this rule or in giving or refusing to give an instruction to a jury unless the party who seeks to appeal identified the asserted error to the trial court and made a notation of exception immediately after the court instructed the jury.

"(2)   A party shall state with particularity any point of exception to the trial judge. A party shall make a notation of exception either orally on the record or in a writing filed with the court."

Here, defendant requested that the court give the disputed jury instructions. However, defendant did not preserve its claim that the court erred in failing to give those instructions because it did not take an exception on the record. In response to the court's inquiry regarding exceptions, defendant implied that it did not have any exceptions, "[o]ther than what has already been commented."[7] Assuming that that statement constitutes an exception, it did not cogently present for the trial court's consideration the alleged deficiencies in the instructions. *See* ORCP 59 H(2) ("A party shall state with particularity any point of exception to the trial judge.").

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

---

[7] If defendant was referring to a conversation that occurred off the record, it was incumbent on defendant to place any off-the-record exceptions on the record.