Argued and submitted May 18, 2009, decision of Court of Appeals and judgment of circuit court affirmed April 29, 2010

## Garland SNIDER,
*Respondent on Review,*

*v.*

## PRODUCTION CHEMICAL MANUFACTURING, INC.,
a California corporation,
*Petitioner on Review.*

(CC 0502-01434; CA A131621; SC S056494)

230 P3d 1

Timothy R. Volpert, Davis Wright Tremaine LLP, Portland, argued the cause and filed the brief for petitioner on review. With him on the brief was Marlin Ard, Sisters.

Richard A. Carlson, Drakulich & Carlson PC, Lake Oswego, argued the cause and filed the brief for respondent on review.

Scott A. Shorr, Stoll Stoll Berne Lokting & Shlachter PC, Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

KISTLER, J.

**KISTLER, J.**

ORS 36.730 provides that an appeal "may be taken" from an interlocutory order denying a petition to compel arbitration. In this case, defendant did not take an appeal pursuant to that statute. Instead, defendant appealed from the general judgment and, as part of that appeal, assigned error to the trial court's order denying its petition to compel arbitration. The Court of Appeals held that it did not have jurisdiction to consider defendant's assignment of error. *Snider v. Production Chemical Manufacturing, Inc.*, 221 Or App 593, 600, 191 P3d 691 (2008). We allowed defendant's petition for review to consider the effect of not taking an interlocutory appeal pursuant to ORS 36.730[1] and now affirm the Court of Appeals decision.

Plaintiff worked for defendant as its national sales manager. The parties entered into a four-year employment agreement in 1999, which they renewed in 2003. Section 9.02 of that agreement provided:

"Any controversy between [defendant] and [plaintiff] involving the construction or application of any of the terms, provisions, or conditions of this agreement shall on the written request of either party served on the other be submitted to arbitration. Arbitration shall comply with and be governed by the provisions of the California Arbitration Act."

On January 30, 2005, defendant terminated plaintiff's employment. Approximately one week later, plaintiff filed a breach of contract action against defendant in Multnomah County Circuit Court. Over the next seven months, defendant challenged plaintiff's complaint, plaintiff filed amended complaints, defendant answered and filed affirmative defenses, and the parties engaged in discovery.

Trial was scheduled for October 6, 2005. On September 30, defendant moved to postpone the trial. The trial court granted the motion on October 3 and rescheduled the trial for mid-November. On October 7, defendant asked

---

[1] In its petition for review, defendant asked us to consider other issues that the Court of Appeals decided. We decline that request and limit review to the issue stated above and to a related issue that defendant raises.

plaintiff to submit their dispute to arbitration. Plaintiff refused and, on October 12, defendant filed a petition to compel arbitration. Defendant's petition came approximately eight months after plaintiff had filed his complaint and approximately five weeks before the rescheduled trial date. At no point before October 7 had defendant invoked its right to arbitration under the employment agreement.

The trial court denied defendant's petition, reasoning that defendant had unduly delayed in seeking arbitration and thus waived its right to arbitrate the parties' dispute. The court entered an order denying the petition on December 23, 2005, and the case proceeded to trial on January 17, 2006. The jury returned a verdict for plaintiff. The trial court entered a general judgment in plaintiff's favor on February 13, 2006. Defendant filed a timely notice of appeal from the general judgment and, in its opening brief on appeal, assigned error to the trial court's order denying its petition to compel arbitration. Plaintiff responded that defendant had to file an interlocutory appeal pursuant to ORS 36.730 if it wanted to challenge that order. Plaintiff argued alternatively that defendant's delay in requesting arbitration waived whatever right it had to arbitrate their dispute.

In resolving defendant's assignment of error, the Court of Appeals ruled initially that ORS 36.730 applied to the parties' arbitration agreement. *Snider*, 221 Or App at 598.[2] The court then ruled that an interlocutory appeal pursuant to ORS 36.730 provided the exclusive means for appealing from a trial court order denying a petition to compel arbitration. *Id.* at 600. It followed, the court concluded, that it lacked jurisdiction to consider defendant's assignment of error. *Id.* On review, defendant challenges both rulings. We begin with defendant's argument that ORS 36.730 does not apply to this litigation before turning to the question

---

[2] ORS 36.730 provides, in part:

"(1) An appeal may be taken from:

"(a) An order denying a petition to compel arbitration.

"(b) An order granting a petition to stay arbitration.

"* * * * *

"(2) An appeal under this section must be taken as provided in ORS chapter 19."

whether an interlocutory appeal pursuant to that statute provided the exclusive means for appealing from an order denying a petition to compel arbitration.

In 2003, the Oregon legislature adopted the Revised Uniform Arbitration Act. Or Laws 2003, ch 598. Much of that act provides procedures for initiating and conducting arbitration proceedings. *See* Or Laws 2003, ch 598, §§ 9, 11, 15 (providing procedures for initiating arbitration, appointing arbitrators, and conducting the hearing). Section 28 of that act, now codified as ORS 36.730, provides that a party may appeal from an interlocutory order denying a petition to compel arbitration and an interlocutory order staying arbitration. Or Laws 2003, ch 598, § 28. Sections 3 and 31 of that act specify the agreements to which sections 1 to 30 of the act apply. Or Laws 2003, ch 598, §§ 3, 31.

■ Defendant argues that sections 3 and 31 of the 2003 arbitration act establish that that act (more specifically, section 28 of that act) does not apply to this litigation. Defendant reasons that, because section 28 of that act (codified as ORS 36.730) does not apply to this litigation, it could not have taken an interlocutory appeal from the trial court's order denying its motion to compel arbitration.[3] It follows, defendant contends, that we need not decide whether, if ORS 36.730 applied, that statute would have provided the exclusive means for appealing from the trial court's order. In analyzing defendant's argument, we begin with section 3 and then turn to section 31.

Section 3 of the 2003 arbitration act specifies which arbitration agreements are subject to the act. It provides:

---

[3] The parties' agreement provides that "[a]rbitration shall comply with and be governed by the provisions of the California Arbitration Act." It may be that, under the parties' choice-of-law provision, the California Arbitration Act, not Oregon's 2003 arbitration act, would govern the procedures by which any arbitration between them would be conducted. It does not follow, however, that California law also governs the procedures for taking an appeal from an Oregon circuit court's ruling, nor have the parties argued that it would. *See Equitable Life Assurance v. McKay*, 306 Or 493, 760 P2d 871 (1988) (recognizing that, even when foreign law applies, the law of the forum will govern judicial procedures). Rather, both parties' arguments on this point start from the proposition that Oregon law applies.

"(1)   Sections 1 to 30 of this 2003 Act govern an agreement to arbitrate made on or after the effective date of this 2003 Act [January 1, 2004].

"(2)   Sections 1 to 30 of this 2003 Act govern an agreement to arbitrate made before the effective date of this 2003 Act if all the parties to the agreement or to the arbitration proceeding so agree in a record.

"(3)   On or after September 1, 2004, sections 1 to 30 of this 2003 Act govern an agreement to arbitrate whenever made."

Or Laws 2003, ch 598, § 3. Section 3 divides arbitration agreements into two categories. The first category consists of arbitration agreements made after the effective date of the act, January 1, 2004. The 2003 arbitration act governs all those agreements. Or Laws 2003, ch 598, § 3(1). The second category consists of arbitration agreements made before the effective date of the 2003 arbitration act and divides into two subcategories. Between January 1 and August 31, 2004, the 2003 arbitration act will not govern arbitration agreements made before the act's effective date, unless the parties agree that the act applies. Or Laws 2003, ch 598, § 3(2). Beginning on September 1, 2004, the 2003 arbitration act will govern all arbitration agreements, including those made before the act's effective date. Or Laws 2003, ch 598, § 3(3).

In this case, the parties renewed their employment agreement, which included an agreement to arbitrate, before January 1, 2004. Section 3(1) accordingly does not apply; either section 3(2) or section 3(3) does. Defendant did not discharge plaintiff until 2005. Because the opportunity to arbitrate any dispute arising out of plaintiff's discharge did not arise until after September 1, 2004, section 3(3) of the 2003 arbitration act applies and provides that sections 1 to 30 of the act, including the section now codified as ORS 36.730, apply.

The remaining question is whether the savings clause in section 31 of the act leads to a different conclusion. Section 31 provides:

"Sections 1 to 30 of this 2003 Act do not affect an action or proceeding commenced or right accrued before the effective date of this 2003 Act. Subject to section 3 of this 2003

Act, an arbitration agreement made before the effective date of this 2003 Act, continues to be governed by [*former*] ORS 36.300 to 36.365 [(2001)] as though those sections were not repealed by section 5[7] of this 2003 Act."

Defendant raises two arguments under that section. Defendant argues initially that, under the second sentence of section 31, the former arbitration statutes (*former* ORS 36.300 to 36.365 (2001)) apply to its dispute with plaintiff. The second sentence, however, begins with the phrase, "[s]ubject to section 3." That introductory phrase makes clear that the former arbitration statutes will govern agreements to arbitrate made before January 1, 2004, but will do so only until August 31, 2004, and only if the parties do not agree that the 2003 arbitration act applies. *See* Or Laws 2003, ch 598, § 3(2) (so providing). Beginning on September 1, 2004, the 2003 arbitration act governs all agreements to arbitrate without regard to when they were made. *See* Or Laws 2003, ch 598, § 3(3).

Defendant also relies on the first sentence of section 31, which provides that sections 1 to 30 of the 2003 arbitration act "do not affect an action or proceeding commenced or right accrued before [January 1, 2004]." In this case, no action or proceeding was commenced before January 1, 2004; so, that part of the first sentence does not advance defendant's position. Additionally, defendant has identified no right that accrued to it before January 1, 2004. Defendant did not file a petition to compel arbitration until October 2005, and the trial court did not deny defendant's petition until December 2005. Defendant's right to appeal did not arise (or "accrue" in statutory terms) until long after the effective date of the 2003 arbitration act.

Defendant argues, however, that some of plaintiff's rights accrued before January 1, 2004, and that, as a result, the former arbitration statutes apply. Plaintiff has not invoked the savings clause of the 2003 arbitration act, and we fail to see how defendant can invoke the savings clause to protect plaintiff's accrued rights when plaintiff declines to do so. We accordingly conclude that, under sections 3 and 31 of the 2003 arbitration act, section 28 of that act (now codified as ORS 36.730) applied and authorized defendant to take an interlocutory appeal from the trial court's order.

Having concluded that ORS 36.730 authorized defendant to take an interlocutory appeal, we turn to the question whether that statute provides the exclusive means for appealing from an order denying a petition to compel arbitration. In answering that question, we think it is helpful initially to put ORS 36.730 in its historical context. Before 2003, the Oregon statutes did not authorize a party to take an interlocutory appeal as a matter of right from an order denying a petition to compel arbitration. *See Bush v. Paragon Property, Inc.*, 165 Or App 700, 702, 997 P2d 882 (2000) (so concluding). Appellate review of an order denying a petition to compel arbitration was available as a matter of right only on appeal from the general judgment at the end of the trial. *See Industra / Matrix Joint Venture v. Pope & Talbot*, 341 Or 321, 327-28, 142 P3d 1044 (2006) (reviewing trial court's order denying a petition to compel arbitration on appeal from the general judgment).[4]

Specifically, before 2003, a timely appeal from a final judgment gave an appellate court jurisdiction of the cause. ORS 19.205(1) (2001) (authorizing an appeal from a judgment); ORS 19.270(1) (providing that an appellate court will have jurisdiction of the cause when a timely notice of appeal is filed and served properly). Having acquired jurisdiction, an appellate court could "review any intermediate order involving the merits or necessarily affecting the judgment * * * appealed from." ORS 19.425 (2001). Although the issue was not litigated in *Industra / Matrix Joint Venture*, that was presumably the basis on which the Court of Appeals and this court reviewed the trial court's order denying the plaintiff's petition to compel arbitration in that case; that is, the Court of Appeals and this court had authority to review the order in *Industra / Matrix Joint Venture* because it was "an intermediate order * * * [that] necessarily affect[ed] the judgment appealed from." *See* ORS 19.425 (authorizing review of intermediate orders).

---

[4] When the plaintiff filed the action in *Industra / Matrix Joint Venture*, the 2001 version of the Oregon Arbitration Act was in effect and continued to apply to that action because of the savings provision in section 31 of the 2003 arbitration act. *See* 341 Or at 326 n 2 (so stating).

In 2003, the Oregon legislature provided for the first time that "[a]n appeal may be taken from [a]n order denying a petition to compel arbitration." Or Laws 2003, ch 598, § 28. The legislature, however, did not specify what consequences would follow from declining to take an interlocutory appeal. Specifically, the legislature did not expressly state whether the failure to take an interlocutory appeal pursuant to ORS 36.730 would preclude a party from later appealing from the general judgment and assigning error, as part of that appeal, to the trial court's order.

■　　　In addressing that issue, defendant argues that the legislature's use of the word "may" implies permission to take an appeal and that, without some clear evidence of a contrary legislative intent, we should not assume that the legislature intended to require parties to pursue what is phrased only as a permissive appeal. Plaintiff, for his part, responds that an order denying a petition to compel arbitration must be appealed within 30 days and that, after the passage of ORS 36.730, an order denying a petition to compel arbitration is not an "intermediate order" within the meaning of ORS 19.425. Implicit in plaintiff's argument is the proposition that there would have been little reason for the legislature to permit an interlocutory appeal as a matter of right if it did not intend to require that the question of arbitrability be finally resolved before the parties went to the expense and effort of a trial.

It is true, as defendant argues, that the phrase "may be taken" is permissive, but the legislature could have used that phrase in one of two ways. On the one hand, the legislature could have used "may," as defendant argues, to signal its intent to permit an interlocutory appeal without forclosing a party's right to raise the issue on a later appeal from a general judgment. *See Salsitz v. Kreiss*, 198 Ill 2d 1, 761 NE2d 724 (2001) (interpreting "may" that way). On the other hand, the legislature could have used "may" merely to signal that it did not intend to require an appeal from an order denying a petition to compel arbitration; that is, a party may but need not appeal from such an order. *See* ORS 19.205(1) (a "general judgment * * * may be appealed as provided in this chapter"). Put differently, providing that an interlocutory appeal "may be taken" does not reveal the consequences of failing to do so.

The Court of Appeals found more guidance in the text of ORS 36.730(2). *Snider*, 221 Or App at 600. That subsection provides that "[a]n appeal under this section must be taken as provided in ORS chapter 19." That means, among other things, that a notice of appeal pursuant to ORS 36.730 must be filed within 30 days of the date that an order denying a petition to compel arbitration is entered in the register. *See* ORS 19.255(1) (stating the time for filing a notice of appeal). ORS 36.730(2) makes clear that the time to take an interlocutory appeal pursuant to ORS 36.730 is limited. Defendant's position is at odds with that time limitation. If a party were free to wait until the entry of the general judgment to challenge an order denying a petition to compel arbitration, as defendant argues, it would undercut the legislature's directive that an appeal from that order must be taken within 30 days.

Another aspect of the text points in the same direction. ORS 36.730 authorizes an appeal from two interlocutory orders: an order denying a petition to compel arbitration and an order granting a petition to stay arbitration. It does not authorize an appeal from an interlocutory order granting a petition to compel arbitration or an interlocutory order staying a trial pending arbitration. Textually, ORS 36.730 is a one-way street. It authorizes an interlocutory appeal if a trial court rejects arbitration in favor of trial, but it does not authorize an interlocutory appeal if a trial court sends the case to arbitration instead of trial. We infer from that choice that the legislature wanted to have the issue of arbitrability be decided quickly and finally before the parties went to the expense and effort of trying their case in court. There would be little point in waiting until the trial was over before finding out that the case should have been arbitrated rather than tried.

Defendant does not identify any context that supports its position, other than the general right to appeal from the judgment, which we have already considered, and there is no legislative history that bears on this issue. *See State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009) ("Legislative history may be used to confirm seemingly plain meaning and even to illuminate it * * *."). As noted, the 2003 legislature enacted what is now codified as ORS 36.730 as part of a

larger bill adopting the Revised Uniform Arbitration Act. *See* Or Laws 2003, ch 598, § 28. The Oregon State Bar sponsored that bill. *See* Testimony, House Judiciary Committee, HB 2279, Jan 30, 2003, Ex B (statement of James Damis). In discussing the need for the bill, a representative from the Bar explained that the bill, modeled on the Revised Uniform Arbitration Act, was necessary to modernize Oregon's arbitration procedures.[5] *Id.*

In discussing the bill, no one mentioned that, in adopting the Revised Uniform Arbitration Act, the legislature would authorize an interlocutory appeal as a matter of right, nor was there any discussion of what the consequences would be if a party failed to take an interlocutory appeal pursuant to the bill. Not only was there no discussion of that issue in the legislative history, but there is no commentary to that section of the Revised Uniform Arbitration Act that might shed light on what the legislature intended. *Cf. Datt v. Hill*, 347 Or 672, 682, 227 P3d 714 (2010) (looking to the commentary to another uniform act that Oregon had adopted to determine the Oregon legislature's intent).

Considering the text and context of ORS 36.730, we hold that the legislature intended that ORS 36.730 would provide the exclusive means for appealing from an order denying a petition to compel arbitration. The Court of Appeals reached the same conclusion but reasoned that, as a result of ORS 36.730, it lacked jurisdiction to consider defendant's assignment of error. *Snider*, 221 Or App at 600. In our view, defendant's failure to take an interlocutory appeal did not deprive the Court of Appeals of jurisdiction to consider defendant's assignment of error. Rather, defendant's timely appeal from the general judgment gave the Court of Appeals jurisdiction "of the cause," which included all requests for relief incorporated in the general judgment. *See* ORS 19.270 (defining appellate jurisdiction); ORS 18.005(7) (defining general judgment). Under ORS 36.730, defendant's failure to take an interlocutory appeal from the trial court's order

---

[5] The Oregon legislature had adopted the previous arbitration provisions in 1925. *Peter Kiewit v. Port of Portland*, 291 Or 49, 54, 628 P2d 720 (1981). It did not adopt the Uniform Arbitration Act, which the Commissioners on Uniform State Laws had promulgated in 1955. *Id.* at 56.

meant that the order was not reviewable on appeal. In effect, ORS 36.730 reflects the legislature's intent to remove orders denying petitions to compel arbitration from the category of intermediate orders that otherwise would be reviewable on appeal from the general judgment.

Although we view the effect of ORS 36.730 differently from the Court of Appeals, we agree that defendant's challenge to the trial court's order was not properly before that court on appeal from the general judgment. Accordingly, we do not reach the question whether the trial court correctly held that defendant's delay in invoking the arbitration provisions in its agreement waived its right to arbitrate.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.