No. 168      February 26, 2025      291

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

WELLS FARGO BANK, N.A.,
Successor by merger to Wells Fargo Bank Minnesota, N.A.,
as Trustee, fka Norwest Bank Minnesota, N. A.,
as Trustee for Amresco Residential Securities Corporation
Mortgage Loan Trust 1999-1,
*Plaintiff-Respondent,*

*v.*

Albert T. JASPER,
*Defendant-Appellant,*
*and*

Michi JASPER et al.,
*Defendants.*

Washington County Circuit Court
C134903CV; A180860

Theodore E. Sims, Judge.

Argued and submitted January 28, 2025.

Albert Jasper filed the brief *pro se.*

Emilie K. Edling argued the cause for respondent. Also on the brief was Houser LLP.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Appellant appeals from a general judgment of fore-closure in favor of respondent. In four assignments of error, appellant argues that the trial court erred by denying a variety of motions he filed and by granting summary judgment in favor of respondent. Because appellant's challenges are either untimely, unreviewable, or not error, we affirm.

First, appellant argues that the trial court erred by denying his motion to compel arbitration. "[A]n appeal from an order denying a petition to compel arbitration, should a party choose to pursue one, must be commenced within 30 days after the order is entered in the trial court register." *Snider v. Production Chemical Manufacturing, Inc.*, 221 Or App 593, 600, 191 P3d 691 (2008), *aff'd*, 348 Or 257, 230 P3d 1 (2010). The trial court denied appellant's motion to compel arbitration by order on April 18, 2022. Appellant did not appeal until March 27, 2023. Accordingly, appellant's challenge to the order denying the motion to compel arbitration is untimely.

Second, appellant argues that the trial court erred by denying his motion to dismiss. However, denial of a motion to dismiss is not an appealable final order. *Green v. Lilly Enterprises, Inc.*, 273 Or 952, 954, 544 P2d 169 (1975).

Third, appellant argues that the trial court erred by denying his motion to strike as inadmissible hearsay a specific paragraph in the declaration of an employee with the company servicing the loan. Respondent submitted the declaration along with a variety of loan documents for purposes of the business records hearsay exception under OEC 803(6).

We review a trial court's ruling that the requirements for a hearsay exception have been met for legal error. *Arrowood Indemnity Co. v. Fasching*, 369 Or 214, 247, 503 P3d 1233 (2022). To show admissibility under OEC 803(6), the business records exception, the record must (1) describe "acts, events, [or] conditions," (2) have been "made at or near the time" of those acts, events, or conditions, (3) have been made "by, or from information transmitted by, a person with knowledge," (4) have been "kept in the course of

a regularly conducted business activity," and (5) have been made because it "was the regular practice of that business activity to make" such records. *Id.* at 223-24 (summarizing OEC 803(6) requirements). The proponent of the evidence must provide a witness with sufficient knowledge to lay the foundation to prove that the record has each of those characteristics. *Id.* at 224. "[T]he proponent of the evidence is not required to produce, or even identify, the specific individual upon whose firsthand knowledge the record is based." *Id.* at 241 (internal quotation marks omitted).

Appellant argues that the "declaration fail[ed] to establish that [it was] made based on the signer, [Rodriguez's,] personal knowledge as required by ORCP 47 E," because Rodriguez "did not personally create the documents," and "ha[d] no personal knowledge regarding the loan or the documents." However, although Rodriguez did not create the documents or individually service the loan, he did not need to do so. His declaration served to lay the foundation for admission of the proffered records, and his position within the company provided him with the knowledge sufficient to do so. His declaration did not assert anything not contained in the proffered records themselves. Accordingly, the trial court did not err in denying appellant's motion to strike.

Finally, appellant argues that the trial court erred by granting respondent's motion for summary judgment. "We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021). In so doing, "we view the facts in the light most favorable to the nonmoving parties," and we "examine whether no objectively reasonable juror could find in their favor on the question at issue." *Id.*

In a foreclosure action, the plaintiff must show (1) the existence of the note requiring payments; (2) that the foreclosing party is entitled to enforce the note; (3) a default or breach triggering the right to foreclose; and (4) that the defendant failed to cure the default despite having had an opportunity to do so. *U.S. Bank National Assn. v. McCoy*, 290 Or App 525, 528, 415 P3d 1116 (2018).

Appellant argues that we should reverse the trial court's grant of summary judgment because the trial court relied entirely upon Rodriguez's declaration in granting it, and the declaration was inadmissible. However, as already noted, Rodriguez's declaration was properly admitted, and the records submitted by respondent established that appellant had taken out the loan, respondent was entitled to enforce the loan, appellant defaulted on the loan, and appellant had the opportunity to cure the default but failed to do so. Accordingly, the trial court did not err in granting summary judgment in favor of respondent.

Affirmed.